## Anselmo et ux. *v.* Philadelphia Transportation Company, Appellant, et al.

Argued Dec. 4, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Philip Price,* with him *Bernard J. O'Connell,* for appellant.

*Leonard J. Schwartz,* with him *Fox, Rothschild, O'Brien & Frankel,* for appellees, Anselmo et al.

*James J. Leyden,* with him *Bernard G. Segal* and *Schnader, Kenworthey, Segal & Lewis,* for appellee, Yellow Cab Company.

PER CURIAM, March 22, 1945:

Plaintiffs, John and Ceyl Anselmo, husband and wife, brought this action in trespass against defendants,

Philadelphia Transportation Company and Yellow Cab Company, averring that their negligence caused serious personal injuries to the wife plaintiff. She was injured while riding as a passenger in a taxicab owned and operated by the Cab Company when the cab and a trolley car of the Transportation Company collided. The jury found both defendants negligent and rendered verdicts in favor of plaintiffs. After the motion of the Transportation Company for a new trial was refused and judgment entered on the verdicts, it alone took these appeals.

The facts can be stated briefly as follows: On the night of March 18, 1943, Mrs. Anselmo entered a "yellow cab" at the main entrance of Wanamaker's Store on the south side of Market Street, which is approximately midway in the block between Juniper and Thirteenth Streets, in Philadelphia. When she engaged the cab it was facing east on Market Street, and she directed the driver to take her to her home in West Philadelphia. He started to make a "U" turn in order to proceed west on Market Street. When he had crossed Market Street to a point where the rear wheels of the cab were resting upon the eastbound track of the Transportation Company, he was forced to stop to allow westbound traffic to pass, and as he did so the trolley car, travelling east, struck the cab.

As a reason for a new trial the Transportation Company assigns as error the construction given by the learned court below to Section 1026 (b) of the Vehicle Code, as amended by the Act of June 5, 1937, P. L. 1718, 1724. Whether the interpretation was right or wrong, no harm resulted from the view of the law taken by the learned court below. It is clear that even if the turn of the cab was illegal it would not absolve the motorman of the street car for running into the cab if there were a reasonable opportunity to avoid the collision. Even if binding instructions as a matter of law had been given against the Cab Company, the jury could have done no more than it did—find that Company guilty of negli-

gence. The Transportation Company was answering a charge of negligence of its own motorman, and there was ample evidence to support the verdict. The error here complained of was harmless; we will not reverse for harmless error: *Paley v. Trautman,* 317 Pa. 589, 177 A. 819.

Judgment affirmed, cost to be paid by the Transportation Company.