414 A.2d 1021

**COMMONWEALTH of Pennsylvania**

v.

**Alan MITCHELL, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 14, 1980.

Decided May 30, 1980.

538

S. David Fineman, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Division, Alan J. Sacks, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Alan Mitchell, was convicted in a nonjury trial of voluntary manslaughter. Post-verdict motions were denied and appellant was sentenced to serve two to five years on the work release program in the Philadelphia County Prison. This appeal followed.

Appellant first argues the Commonwealth failed to prove beyond a reasonable doubt that appellant was not acting in self-defense. The facts are as follows.

On October 20, 1977, Leslie Hargrove invited four friends, one of whom was Lawrence McGriff, to his apartment at 1910 N. 54th Street in Philadelphia. The apartment was located on the second floor above a store known as the Blue Denim Boutique. Appellant owned both the clothing store and Hargrove's apartment.

Hargrove told his cohorts that he wanted to speak to appellant and the foursome waited in the car while Hargrove entered the store to speak with appellant. Hargrove began arguing with appellant, as he had learned that the gas company, at appellant's instructions, had discontinued service to his apartment. When appellant reached for a gun, Hargrove hit appellant in the face but subsequently slipped and fell to the floor. Appellant grabbed his gun and began firing at Hargrove, who was able to run from the shop uninjured, with appellant in pursuit.

When the group waiting in the car heard the shooting, the victim and two companions exited from the car. When they saw appellant chasing Hargrove with a gun, the threesome ran around the corner to avoid the shooting. After the shooting had apparently stopped, the victim returned to the store. When appellant approached the door to his store, McGriff, empty handed, attempted to speak with appellant. Suddenly, appellant shot McGriff twice, killing him. Appellant then entered his store and waited there until police arrived.

■ As we stated in *Commonwealth v. Smith*, 484 Pa. 71, 76–77, 398 A.2d 948 (1979):

"To establish self-defense, the following elements must be shown: (1) the slayer must have been free from fault in provoking or continuing the difficulty which resulted in the killing; (2) the slayer must have reasonably believed that he was in imminent danger of death, great bodily harm or some felony, and that there was a necessity to kill in order to save himself therefrom; and, (3) the slayer must not have violated any duty to retreat or avoid the danger. *Commonwealth v. Lowe*, 460 Pa. 357, 333 A.2d 765 (1975); *Commonwealth v. Johnston*, 438 Pa. 485, 263 A.2d 376 (1970)."

Instantly, appellant has failed to establish any of the above-quoted requirements. In the first place, appellant was in no way free from fault, as it was he who drew the gun and chased Hargrove into the street, gun ablazing. Secondly, the testimony showed that McGriff, who was approximately the same size as appellant, was unarmed as he attempted to speak with appellant. The victim neither attempted to hit appellant nor threatened him. Appellant, thus, could not have reasonably believed he was in danger of death or serious bodily harm. Finally, appellant could have retreated into his store as he did after killing the victim. The trier of fact was thus justified in rejecting appellant's claim of self-defense.

Appellant next argues that the suppression court erred when it failed to suppress evidence seized in the store without a warrant. The facts are as follows.

Police arrived at appellant's store shortly after the fatal shooting. Within a half hour, appellant was taken to the Police Administration Building for questioning. While securing the premises, police noticed a bullet hole in the wall with a bullet protruding and a bullet hole in a mirror. An officer attempted to move the mirror, but it shattered, revealing a bullet hole in the wall. The officers were able to remove the protruding bullet with no difficulty; the second bullet was removed with "a little bit of gouging." The police also seized a tan hat, a piece of concrete, and a gold chain. The officers also took photographs of the scene. Appellant claims that because this evidence was seized without a warrant, the evidence should have been suppressed.

In *Commonwealth v. Harris*, 479 Pa. 131, 138, 387 A.2d 869, 873 (1978), we stated:

"Where police have a lawful right to be in the position of observation, they can lawfully seize objects in plain view. *Harris v. United States*, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); *Commonwealth v. Jeffries*, 454 Pa. 320, 311 A.2d 914 (1973)."

There can be no dispute that police had a right to be inside appellant's store. As all the evidence seized was in plain view it was properly admissible.

Judgment of sentence affirmed.