Paley et al. *v.* Trautman, Appellant.

Argued January 29, 1935. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

590

*John McI. Smith,* with him *Walter B. Freed,* for appellant.

*Charles H. Weidner,* with him *Harry W. Lee* and *John B. Stevens,* of *Stevens & Lee,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, March 25, 1935:

The automobile in which plaintiffs were riding was run into by defendant's truck. From the recovery had by them for injuries sustained defendant appeals.

Appellees, husband and wife, were proceeding westwardly along the paved public highway, the husband driving. The car belonged to the wife. It was a clear, dry afternoon. As they approached a rising grade in the road, a herd of cows, ten in number, came onto the highway from a side road. Plaintiffs slowed down their car, gradually edged by the cows, on the left side of the road, and, when they had passed them, pulled over to the right side and were proceeding on their way when defendant's truck, coming in the opposite direction on its right side of the road, suddenly swerved to the left, crossed over the center line, and collided with plaintiffs' car, inflicting the injuries upon them and causing the damage to it which form the basis for the judgments recovered. It is admitted by defendant, that plaintiffs' automobile was on its proper side of the road at the time of the collision and that the impact of the two vehicles occurred two feet beyond the center line.

It is argued by defendant that judgment should be entered in his behalf, first, because no negligence by his driver was shown—that the collision was an accident; and, second, because plaintiffs were themselves contributorily negligent. The basis for the first proposition is in the testimony of the driver of the truck, that he was proceeding in a proper manner, and had started down the

hill, when he observed the cows in the roadway and began to apply his brake, that he then saw plaintiffs' car coming up the hill toward him on his side of the road and applied his brakes more vigorously, when his wheels locked, he lost control, and his truck turned to the left and the collision occurred. He said when he applied his brake the second time he was about 50 feet from plaintiffs' car, and was moving about 15 miles an hour, that plaintiffs had then gotten about 75 feet beyond the cattle and had traveled only 15 or 20 feet on their side of the road. He gave as the cause of the locking of his brake that a rivet had sheared off. He did not discover this until three days following the collision, after which he drove his truck 63 miles.

Against this, we have the testimony of the male plaintiff, who said that he drove slowly past the cattle, and when he had passed them all, he turned to the right side of the road and had proceeded on that side for about 300 feet, when the truck, then about 50 feet from him, suddenly swerved diagonally to the left, and hit his car head-on. In its main features his statement was corroborated by his wife. A woman in charge of the cattle, and who was ahead of them, fixed the scene of the collision at 150 feet beyond where plaintiffs had passed the cattle. Another motorist, who was following plaintiffs up the hill and who was in the best position to see what happened, testified that plaintiffs had passed the cows and were on the right-hand side of the road, that he saw the truck 100 feet beyond them, and when it neared them, it suddenly swerved over the center line of the highway and collided with their car.

There can be no question that on this showing the case was for the jury. Admitting, as defendant does, that the collision took place on plaintiffs' side of the road, defendant, to absolve himself from what otherwise was gross negligence in his servant's operation of the truck, tenders his explanation that the brakes locked due to the shearing of a rivet. The jury, however, was not bound to accept

this exculpatory excuse. Whether the rivet sheared before, or at the time of, or after the collision was open to serious question. The skidding cases cited by appellant have no application to the situation here shown. Defendant's truck did not skid. As was stated in Amey v. Erb, 296 Pa. 561, 564, "It is enough to say the allegation that his truck was not keeping to the right of the center of the roadway, supported by adequate proof, was sufficient to make the question of negligence one for the jury." The Motor Vehicle Code of May 1, 1929, P. L. 905, 75 P. S. 521, required defendant's driver to keep to the right side of the road.

So far as contributory negligence upon plaintiffs' part is concerned, it is sufficient to say that, after reviewing all the testimony, we find nothing which would justify such conclusion.

Appellant calls to our attention what he conceives to be trial errors warranting a reversal. Without enumerating them, our careful examination convinces us that none calls for a new trial. Even if errors were committed in some of the particulars assigned, which we are far from admitting, they were in our opinion harmless, and, in no way contributed to the verdict against defendant. We will not reverse for harmless errors: Rubinsky v. Kosh, 301 Pa. 35; Haun v. McCabe, 308 Pa. 431. What seems to us a just result was worked out in the trial. We will not disturb it.

Judgments affirmed.