**UNITED STATES of America,**
**v.**
**Anthony ACARINO, Defendant.**
**No. 66 Cr. 48.**

United States District Court
E. D. New York.
June 29, 1967.

Jacob P. Lefkowitz, New York City, for defendant.

Joseph P. Hoey, U. S. Atty., for the Eastern District of New York, Raymond Bernhard Grunewald, Asst. U. S. Atty., of counsel, for the United States.

## MEMORANDUM AND ORDER

WEINSTEIN, District Judge.

Defendant has moved pursuant to subdivision (f) of Rule 7, item (1) of subdivision (a) of Rule 16 and subdivision (b) of Rule 16 of the Federal Rules of Criminal Procedure for an order: 1) directing the United States Attorney to furnish the defendant with a Bill of Particulars and 2) allowing defendant to inspect certain documents and objects.

The indictment is stated in the most general terms with few details. Count II is typical; it reads as follows:

"On or about the 22nd day of October 1965, within the Eastern District of New York, the defendant ANTHONY ACARINO unlawfully received and procured the receipt of approximately eleven (11) grams of the narcotic drug heroin hydrochloride, which drug was not in or from the original stamped package bearing tax stamps as required by law. (Title 26 U.S.C. Sec. 4704(a))."

■ With respect to each of the five counts, the defendant wishes such details as the time, place and names of the persons from whom it is alleged that the defendant received and procured the drug.

■ Defendant's motion for a Bill of Particulars is granted except with respect to those items seeking "the facts upon which it is alleged that the defendant knew that he was concealing the narcotic."

The 1966 amendment to subdivision (f) of Rule 7 eliminated the necessity to show "cause" for the granting of the bill in order "to encourage a more liberal attitude by the courts towards bills of particulars * * *." (Committee Note to 1966 Amendment).

In opposing the motion for a Bill of Particulars, the government relies on a quotation from Judge Learned Hand: "Under our criminal procedure the accused has every advantage." United States v. Garsson, 291 F. 646, 649 (S.D. N.Y.1923). The policy in favor of disclosure to the defendant in order to permit him to prepare for trial in criminal cases has since then undergone substantial revision. See, e. g., United States v. Youngblood, 379 F.2d 365 (2d Cir. 1967).

The information sought by the Bill of Particulars in this case is reasonably designed to permit the defendant to prepare for the litigation. For example, if he has witnesses with respect to alibi or he can show by circumstances that the details of the crime could not be true in the light of other evidence, he should not be hindered from doing so. Thorough preparation by defense counsel requires that he be aware of these details before the trial. If he first discovers them at the trial it may be too late to conduct the necessary research and assemble evidence inconsistent with the government's position. If the government is unable to supply the particulars reasonably sought by the defendant, it can so state in the bill supplied to the defendant.

■ Defendant's motion pursuant to paragraph 1 of subdivision (a) of Rule 16 seeks an order directing the United States Attorney "to produce and make available for inspection before trial any recordings or records of any statements or conversations including the defendant with respect to the allegations of the indictment herein." According to the affidavit of the Assistant United States Attorney in charge of this case, the government has in its possession "the Federal Bureau of Narcotic's summarization report of the events that transpired on the days in question," but has "no * * * written or recorded statements or confessions *made by the defendant* * * *" (Emphasis in original.) The Bureau of Narcotics summarization report falls within the category of "reports, memoranda, or other internal government documents made by government agents in connection with the investigation or prosecution of the case," which are exempted from discovery by Rule 16(b). Consequently, this branch of defendant's motion is de-

nied without prejudice to a renewal at trial.

Defendant also seeks to inspect "any items, including any quantity of the narcotic drug heroin hydrochloride, which it may be alleged were taken from the defendant incident to his arrest." The government consents to the "viewing" of the heroin by counsel for defendant at the Federal Bureau of Narcotics, but claims that it has returned all other items taken from the defendant.

The United States is directed to permit the defendant's counsel and any experts chosen by him to inspect and test the alleged narcotic belonging to defendant in the government's possession. The United States Attorney is directed to furnish the defendant within ten days with any inventory it may have showing items taken from the defendant and the date of their return together with a copy of the receipts for their return; if no such inventories and receipts exist, a letter to this effect shall be furnished to counsel for defendant.

So ordered.