**STATE of Tennessee, Petitioner,**

v.

**Franklin L. STEPHENS, Respondent.**

Supreme Court of Tennessee.

Nov. 10, 1975.

R. A. Ashley, Jr., Atty. Gen., Michael E. Terry, Asst. Atty. Gen., Stephen Bevil, Asst. Dist. Atty. Gen., for petitioner.

Robert H. Crawford, Chattanooga, for respondent.

OPINION

HENRY, Justice.

We granted the State's petition for certiorari in this marijuana case and set it for argument along with *State v. Gaddis and Davis,* because they involved essentially the same questions.

The defendant was indicted on *24 October 1973.* On *9 April 1974,* some five and one-half months after indictment, he moved the court for an order "requiring the State to furnish the defendant or his attorney a specimen sample of the alleged marijuana or drug in order that an independent examination be made and that the defendant will have the benefit of such analysis in preparation of his defense in this cause." This motion was overruled. He was put to trial on *23 May 1974,* forty-four days after he had made his motion.

The Court of Criminal Appeals held that the sample should have been made available, and remanded the case under the guidelines of *McKeldin v. State*, 516 S.W.2d 82 (Tenn.1974), and with instructions to the trial court to permit reasonable inspection under such conditions as the trial judge may consider appropriate.

This case is controlled by our decision in *State v. Gaddis and Davis*, announced today.

We, therefore, hold that the motion should have been granted. The fact that it was filed five and one-half months after indictment is indicative of dilatory practice but is of no legal significance. § 40–2044 T.C.A. specifically provides that the motion may be made "at any time after the finding of an indictment or presentment." As we pointed out in *Gaddis* it "must be made in ample time so as not to result in a postponement or continuance of the final hearing."

These motions meet the test.

The State insists that *State v. Dougherty*, 483 S.W.2d 90 (Tenn.1972) limits the right of discovery and operates to preclude the sample being made for testimony. In *Dougherty* the Court was dealing with an effort by the defendant to obtain statements of witnesses and other work products. *Inter alia*, the Court said:

> We do not have broad discovery in criminal cases in Tennessee. Discovery in criminal cases is limited by T.C.A. Sections 40–2044 and 40–2441. 483 S.W.2d at 92.

We construed and implemented § 40–2044 in *Gaddis* and, as the latest pronouncement of this Court, it is controlling.

In *Gaddis* we said *inter alia* :

> It is no answer to say that the State toxicologist, or other official, will make a competent and accurate analysis and make the result available to the defendant. This imputes to these examiners an aura of official infallibility inconsistent with the processes of the adversary system of the administration of criminal justice. We reject this approach.

This case is a classic—but we hope rare—example of why such an approach must be rejected out of hand.

The record shows that this defendant, in a companion case, was indicted for possession of a controlled substance or legend drug, to-wit methapyrilene. This is a medication used in the treatment of a common cold—an antihistamine.

The following excerpt from the cross-examination of the Director of the State Regional Toxicology Laboratory is frightening in its implications:

> Q. All right. And when you run across a cold tablet, or vitamin B–12, would you not direct, gentlemen, this is not a controlled substance, it is not narcotic?
>
> A. If asked I definitely tell them, that's correct.
>
> Q. Well, would you not, Mr. Smith, since this is a very important issue, freedom of a person involved, would you not advise specifically what you found?
>
> A. Let me say this, at one time I would say within probably prior to this, we used to state on our report whether or not it was a legend drug. This was changed at a higher authority than me and so we no longer place it on our reports. When asked if things are legend drugs or not, I definitely answer the questions, and whether or not I was on this, I don't know. Bill of Exceptions, Vol. II, pages 99–100.

It does not lie within our power to correct this slip-shod and irresponsible practice that resulted in an indictment of a citizen for possessing a cold tablet, but we can and do put it within the power of an accused citizen to obtain a test result that speaks the full truth.

The judgment of the Court of Criminal Appeals is

Affirmed.

FONES, C. J., COOPER and HARBISON, JJ., and INMAN, Special Justice, concur.