Per Curiam.

With respect to the core issue on this appeal, we hold that a defendant charged with a dangerous drug offense must normally be accorded the right, with appropriate safeguards and under the supervision of the court, to pretrial discovery with respect to the alleged dangerous drug, including the right to make independent tests as to weight and composition.
After a jury trial defendant was convicted of criminal possession of a dangerous drug in the fourth degree (Penal Law, former § 220.15). The contraband, found in defendant’s apartment, was subjected to microscopic and chemical tests by the senior chemist for the New York State Police. Prior to trial defendant moved for an order of discovery to permit him to conduct his own scientific tests with respect to the alleged dangerous drug on which his indictment was based. His motion was denied without explanation. Prejudice to defendant was compounded when at trial, during his cross-examination of the People’s chemist as to the reliability of the microscopic and chemical tests which the chemist had performed and their acceptance in the scientific community, defendant was conspicuously handicapped by his inability to refer to the results of any comparative testing.
We conclude that defendant was entitled to the pretrial discovery he sought and that it was error to deny him an appropriate opportunity to perform his own scientific tests on the alleged dangerous drug (GPL 240.20, subd 3). Defendant’s guilt or innocence hung exclusively on the nature and amount of the substance in question; he advanced no other theory of defense. For refutation of the charge against him there was no acceptable alternative to scientific testing by experts of his choice.
Under rule 16 of the Federal Rules of Criminal Procedure defendants in narcotics cases appear routinely to be permitted to have their own experts perform tests on the alleged nar *799 cotic (see, e.g., United States v Acarino, 270 F Supp 526, 528; United States v Bentvena, 193 F Supp 485, 498; United States v Reid, 43 FRD 520; United States v Lopez, 26 FRD 174; United States v Tirado, 25 FRD 270). Other State courts have accorded similar rights of pretrial discovery (e.g., Matter of Warren v State, 292 Ala 71; James v Commonwealth, 482 SW2d 92 [Ky]; State v Migliore, 261 La 722; State v McArdle, 194 SE2d 174 [W Va]; see, also, ABA Minimum Standards Eelating to Discovery and Procedure Before Trial, § 2.1, subd [a], par [v], Commentary at pp 68-69). In what appear to be the only reported cases in New York since the enactment of the CPL, testing by the defense was allowed or contemplated (People v Spencer, 79 Misc 2d 72 [pretrial motion for inspection and testing granted]; cf. People v Goetz, 77 Misc 2d 319 [denial of pretrial discovery motion without prejudice to defendant’s right at trial to apply to conduct his own scientific examination after the alleged dangerous drug had been received into evidence]).
Assuming, of course, that the prerequisites demanded by the statute have been met, i.e., "a showing by the defendant that (a) discovery with respect to such property is material to the preparation of his defense, and (b) the request is reasonable” (CPL 240.20, subd 3), the discretion vested in the court should normally be exercised in favor of granting pretrial discovery or, if there is justifiable apprehension of danger of alteration as to size, shape, weight or composition by pretrial testing, affording the defendant an appropriate opportunity after the drug has been introduced on trial to conduct his own inspection and testing.
Any pretrial discovery and testing should, of course, be conducted under the supervision of the court and with safeguards, analogous to those observed by the prosecution in its own testing, to protect against contamination or destruction of the evidence. The particular safeguards must necessarily be designed on an ad hoc basis in the light of the nature, form, quantity and other characteristics of the substance in question and with recognition of other material circumstances of the individual case.
Because a dismissal of the indictment rather than a new trial would be required were we to uphold it, we also consider appellant’s contention that there was a fatal deficiency of proof as to the chain of custody of the contraband. Although the proof did not establish a continuum of exclusive possession *800 and was less than might have been desired, such weaknesses as were made to appear in the evidence went only to its weight, not to its admissibility, and were not such as to create a reasonable doubt as to defendant’s guilt.
Because of the erroneous denial of the motion for discovery, the order of the Appellate Division should be reversed, defendant’s conviction vacated, and the case remitted for a new trial.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order reversed, etc.