Professor Kenneth Campbell and Dr. Patricia Sloane Campbell, His Wife, Petitioners *v.* Commonwealth of Pennsylvania, Department of Environmental Resources and Swistock, Inc., Respondents.

Argued December 4, 1978, before Judges WILKIN-SON, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*Professor Kenneth Campbell* and *Dr. Patricia Sloane Campbell,* petitioners, for themselves.

*Louis A. Naugle,* Assistant Attorney General, and *Leslie B. Handler,* with them *Handler and Handler,* for respondents.

OPINION BY JUDGE WILKINSON, JR., January 12, 1979:

This petition for review of an adjudication by the Environmental Hearing Board (Board) dismissing petitioners' appeal from the grant of mine drainage permit No. 4275SM12 issued by the Department of Environmental Resources (DER) presents a narrow question concerning adequacy of notice. While the parties have argued and briefed what they consider to be the appropriate form of notice required by The Clean Streams Law, Act of June 22, 1937 (Act), P.L. 1987, *as amended,* 35 P.S. §691.1 et seq. prior to issuance of a mine drainage permit, since we find un-

der the circumstances of this case that petitioners had adequate actual notice we will not reach the ultimate issue ably argued by the parties.[1]

It is axiomatic that we will not disturb a judgment, order, or decree on appeal for harmless error. *Paley v. Trautman,* 317 Pa. 589, 177 A. 819 (1935); *see generally,* 2 P.L.E. *Appeals* §§461 et seq. (1957). In the present case the complained of error—lack of statutorily required notice—is not reflected in the record as having caused any injury to petitioners. The requirement of notice in a case such as this serves the purpose of affording persons situated like petitioners an opportunity to participate in the administrative process to protect their interests. A review of the pertinent facts regarding the participation of petitioners in that process clearly fails to indicate any harm.

Petitioners first learned of the possibility of strip mining on an area of land adjacent to their own in December, 1974, almost five months prior to the application by Swistock and George the predecessor in interest to Swistock, Inc. (both hereinafter simply Swistock). The record reveals nearly unintermitted participation by petitioners through discussions with officials of DER and representatives of Swistock. The permit in question was issued by DER on October 20,

[1] On this point respondent Board and the petitioners are in agreement that the requirement for notice contained in Section 307 of the Act, 35 P.S. §691.307 ("Industrial waste discharges"), applies to an application for a mine drainage permit. Section 307 of the Act reads in pertinent part: "Public notice of every application for a permit under this section shall be given by notice published in a newspaper of general circulation, published in the county where the permit is applied for, once a week for four weeks." Respondent Swistock contends that only the notice requirements contained in Section 315 of the Act, 35 P.S. §691.315 ("Operation of mines") apply, thereby obviating the need to publish notice in a general circulation newspaper.

1975; petitioners timely filed formal appeal papers on November 17, 1975. Following four days of hearings in July and August of 1976, the Board entered its order dismissing the appeal on July 1, 1977.[2] We think the words of our Supreme Court in *Richmond v. Otter,* 364 Pa. 191, 195, 70 A.2d 314, 316 (1950) most appropriate in the situation now before us: "Harmful error is requisite to a reversal upon appellate review; and, the appellants have notably failed to point out any such error."

Petitioners argued, both in their brief and before the Court, that the failure to give newspaper notice deprived other property owners in the vicinity of an opportunity to join in the controversy. Whether there is merit to this contention or not such facts will not supply the showing of injury to petitioners necessary to sustain this appeal. Petitioners unquestionably lack standing to assert such error on this appeal; any harm resulting from the alleged error would accrue to persons not parties to this appeal.[3]

---

[2] Compelling evidence of petitioners' meaningful participation in pursuit of their desire to protect their property is provided by the following special conditions imposed by DER on the permit issued to Swistock which is here at issue:

3. Permittee shall notify Dr. Patricia Sloane Campbell, R.D. No. 1, Six Mile Run, Pennsylvania when future mine drainage applications are being submitted to the Department for evaluation and approval in the vicinity of the present mine drainage permit.

8. The Campbells' water supply (spring) will be monitored monthly by Gwin, Dobson and Foreman for both quantity and quality. . . .

9. Strip mining shall start at existing old stripping and advance up to the limits at the hill top on the southeast side. No mining to be performed over the crest of the hill adjacent to the Campbells' property.

[3] For discussion of "standing" reference is made to the opinion of Justice Roberts in *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975).

628

On the basis of the record before us[4] we believe the petitioners have failed to establish facts sufficient to sustain the present appeal.

Accordingly, we will enter the following

ORDER

AND Now, January 12, 1979, the Order of the Environmental Hearing Board at No. 75-276-C dated July 1, 1977, dismissing the appeal of Kenneth and Patricia Sloane Campbell from the grant of mine drainage permit No. 4275SM12, is hereby affirmed.

---

[4] On December 4, 1978, petitioners filed with this Court a document titled "AFFIDAVIT Pertaining to Non-Compliance by Mining Company with Mine Drainage Permit 4275SM12, especially since 1976 Hearing before EHB." As the title adequately suggests the contents of the document set forth alleged non-compliance with the terms of the permit. While such facts might well supply the appropriate basis for an action seeking revocation of the permit it can in no way impugn the process whereby that permit was issued. By order of this Court dated December 8, 1978, respondent's motion to strike was granted and the affidavit just discussed was stricken from the record.