442 A.2d 311

COMMONWEALTH of Pennsylvania,

v.

**William CORISH, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 1, 1981.

Filed March 5, 1982.

Marilyn C. Zilli, Assistant Public Defender, Harrisburg, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before BROSKY, WIEAND and MONTEMURO, JJ.

WIEAND, Judge:

William Corish was tried non-jury and convicted of theft by receiving stolen property [1] and carrying a firearm without a license. [2] Post trial motions were denied, and Corish was sentenced to concurrent terms of imprisonment for not less than one nor more than three years. On appeal, he contends (1) that the court below committed error by refusing to grant a pre-trial suppression of the firearm; (2)

1. 18 Pa.C.S.A. § 3925.

2. 18 Pa.C.S.A. § 6106.

that the trial evidence was insufficient to sustain the verdicts; and (3) that trial counsel was constitutionally ineffective.

There is no merit in appellant's first two contentions. On December 1, 1979, a parole board warrant was outstanding for appellant's arrest. On that day he was observed driving a vehicle in the City of Harrisburg, Dauphin County. The vehicle was stopped by Patrolman John Goshert, of the Harrisburg Police Department, and Corish was placed under arrest. Goshert asked Corish what he wanted done with the vehicle he had been driving. Receiving no directions, Goshert called for a tow truck to remove the vehicle which had been stopped so as to impede the flow of traffic. Goshert then opened the right front door of the vehicle for the purpose of making an inventory of its contents and immediately observed a gun holster protruding from under the front seat. When he picked it up he found contained therein a .22 caliber pistol. Appellant had no license to carry the same.

The pistol had been stolen two days earlier from the home of Martin Nye. When Nye had returned home on November 29, 1979, he observed a silver Pontiac Sunbird in front of his residence. As he approached, he observed a man, identified at trial as appellant, run from his home, enter the Pontiac Sunbird, and drive away.

■ The test for determining the sufficiency of the evidence is whether, accepting as true all the evidence and the reasonable inferences therefrom, upon which the fact finder could have based the verdict, it is sufficient to prove beyond a reasonable doubt that appellant was guilty of the crime or crimes with which he has been charged. *Commonwealth v. Smith*, 484 Pa. 71, 73–74, 398 A.2d 948, 949 (1979); *Commonwealth v. Boyd*, 463 Pa. 343, 347, 344 A.2d 864, 866 (1975); *Commonwealth v. Thompson*, 292 Pa.Superior Ct. 108, 116, 436 A.2d 1028, 1032 (1981); *Commonwealth v. Jones*, 291 Pa.Superior Ct. 65, 74, 435 A.2d 223, 225 (1981). In making this evaluation, all evidence received by the fact finder must be considered, whether the trial court's rulings thereon were

correct or incorrect. *Commonwealth v. Harper,* 485 Pa. 572, 576, 403 A.2d 536, 538 (1979); *Commonwealth v. Boyd,* supra 463 Pa. at 347, 344 A.2d at 866; *Commonwealth v. Tabb,* 417 Pa. 13, 16, 207 A.2d 884, 886 (1965); *Commonwealth v. Bentley,* 276 Pa.Superior Ct. 41, 44, 419 A.2d 85, 86 (1980); *Commonwealth v. Siegel,* 223 Pa.Superior Ct. 398, 401, 302 A.2d 461, 463 (1973).

■ In the instant case, the evidence was clearly sufficient to establish beyond a reasonable doubt that appellant was guilty of theft by receiving stolen property and carrying a firearm without a license.

■ The pistol, moreover, was properly received in evidence and considered by the trial court. Appellant had been taken into custody and it was necessary that his vehicle be moved so it would not impede the flow of traffic. At the same time it had to be preserved and protected because of property rights which existed therein. Under these circumstances it was entirely reasonable for the arresting officer to enter the vehicle, whether to move it or to inventory the contents prior to arrival of the tow truck. See: *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); *Harris v. United States,* 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); *Commonwealth v. Scott,* 469 Pa. 258, 267, 365 A.2d 140, 144 (1976); *Commonwealth v. Lyons,* 257 Pa.Superior Ct. 142, 390 A.2d 752 (1978); *Commonwealth v. Randle,* 248 Pa.Superior Ct. 239, 375 A.2d 76 (1977); *Commonwealth v. Brandt,* 244 Pa.Superior Ct. 154, 366 A.2d 1238 (1976). Having entered the vehicle, the officer was not required to ignore evidence of a weapon lying in plain view. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Commonwealth v. Mitchell,* 489 Pa. 537, 540–541, 414 A.2d 1021, 1023 (1980); *Commonwealth v. Harris,* 479 Pa. 131, 138, 387 A.2d 869, 873 (1978); *Commonwealth v. Burton,* 292 Pa.Superior Ct. 73, 78, 436 A.2d 1010, 1012–1013 (1981); *Commonwealth v. Bentley,* supra 276 Pa.Super. at 48, 419 A.2d at 88; *Commonwealth v. Kazior,* 269 Pa.Superior Ct. 518, 526, 410 A.2d 822, 826 (1979). Instead, he could properly examine it and, finding it

to be contraband, seize it as evidence of criminal activity. *Harris v. United States*, supra; *Commonwealth v. Tome*, 484 Pa. 261, 271, 398 A.2d 1369, 1375 (1979); *Commonwealth v. Harris*, supra 479 Pa. at 138, 387 A.2d at 873; *Commonwealth v. Lassiter*, 457 Pa. 582, 588, 321 A.2d 902, 905 (1974); *Commonwealth v. Seip*, 285 Pa.Superior Ct. 551, 555, 428 A.2d 183, 185 (1981); *Commonwealth v. Pytak*, 278 Pa.Superior Ct. 476, 487, 420 A.2d 640, 646 (1980); *Commonwealth v. Lehman*, 265 Pa.Superior Ct. 480, 484, 402 A.2d 539, 541 (1979). The pre-trial hearing court properly refused to suppress the evidence, and it was properly received as a Commonwealth exhibit during appellant's trial.

█ Appellant was represented at the preliminary hearing by the Dauphin County Public Defender's Office. He then retained private counsel who represented appellant throughout the proceedings in the trial court. After an appeal had been filed, the Dauphin County Public Defender's Office resumed representation of appellant. In his brief, appellate counsel alleges for the first time, as he is required to do if he wishes to preserve it, the issue of trial counsel's stewardship. Specifically, it is contended that counsel was ineffective for failing to examine the transcript of the preliminary hearing and also for failing to cross-examine the witness, Martin Nye, about alleged prior inconsistent statements made at such preliminary hearing. These statements, it is alleged, would have shaken Nye's identification of appellant as the man observed running from Nye's home. It is also contended that counsel was ineffective for failing to file, on appellant's behalf, a motion to modify his sentence. These averments, although of arguable merit, are before this Court as bare assertions. They are unsupported by any evidence and have not been heard by the trial court. Moreover, if they are factually correct, we are unable to ascertain whether trial counsel had a reasonable basis for not pursuing the suggestions now made by appellate counsel.

We are, therefore, compelled to vacate the judgment of sentence and remand for an evidentiary hearing. *Commonwealth v. Hubbard*, 472 Pa. 259, 278, 372 A.2d 687, 696

(1977); *Commonwealth v. Twiggs*, 460 Pa. 105, 106, 111, 331 A.2d 440, 443 (1975); *Commonwealth v. Watts*, 294 Pa.Superior Ct. 319, 439 A.2d 1220 (1982). If the trial court finds that counsel was ineffective, then it should grant appropriate relief. If appellant is unable to sustain his contention that counsel was ineffective, then the judgment of sentence should be reimposed.

Judgment of sentence vacated and case remanded for proceedings consistent with this opinion.