452 A.2d 243

**COMMONWEALTH of Pennsylvania,**

**v.**

**Frank ARENELLA, Appellant.**

**COMMONWEALTH of Pennsylvania,**

**v.**

**Bruce HUNSINGER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 10, 1980.

Filed Sept. 24, 1982.

Reargument Denied Nov. 30, 1982.

120

Alan Ellis, State College, for Arenella, appellant.

Robert C. Fogelnest, Philadelphia, for Hunsinger, appellant.

Gailey C. Keller, District Attorney, Bloomsburg, for Commonwealth appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

CAVANAUGH, Judge:

These two appeals are from judgments of sentence for possession with intent to deliver or delivery of marijuana in violation of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, No. 64, § 13(a)(30), as amended, 35 P.S. § 780–113(a)(30). Appellant Frank Arenella was convicted of one count; appellant Bruce Hunsinger of two counts. Their activities and their trials, in each case before a jury, were separate. However, their arrests resulted from the same undercover investigation of drug dealing in the Bloomsburg area, and the principal witnesses for the Commonwealth were the same in each case. In addition, various pre-trial proceedings in each case, as well as in other cases resulting from the same investigation, were consolidated, and the testimony of an expert witness who testified at the sentencing proceeding was before the lower court in each of these cases. We therefore ordered the two appeals consolidated. Appellants make numerous arguments in support of their motions for a new trial;[1] several of these have merit and warrant consideration by this Court. For the following reasons, we conclude that these cases must be remanded.

[1.] We have also reviewed the following issues raised by appellant Arenella and conclude that they lack merit: (1) the lower court erred in overruling appellant's objection to being formally arraigned and tried on the same day, (2) the jurors were improperly sworn, and (3) the sentencing court failed to adequately state its reasons for imposing sentence in violation of *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977).

For the same reasons, we will not address the following claims raised by appellant Hunsinger: (1) the lower court erred in failing to grant a hearing on the issue of after-discovered evidence, (2) a rebuttal witness should not have been permitted to testify as to conversations with appellant regarding drug dealings, (3) the lower court erred in overruling appellant's objection to being formally arraigned and tried on the same day, (4) the jurors were improperly sworn, and (5) the court erred in denying appellant's recusal application. Hunsinger's additional claim that the court erred in denying his motion to subpoena the informant has been waived since appellant has failed to indicate when, if ever, that issue was raised below. Pa.R.A.P. 302, 2117(c)(4).

■ We first address the argument raised by both appellants that the lower court should have granted their applications for an independent expert examination of the substances in question. Well before trial appellants filed applications for discovery. Arenella's application read in relevant part:

3. The prosecution will attempt to prove that the substance or substances were, in fact, a controlled substance or substances through expert testimony of a Pennsylvania State Police chemist, who allegedly tested said substance or substances.

4. Without a representative sample or samples of the alleged substance or substances, Defendant does not have the means to determine, independently, whether the substance or substances, are, in fact, a controlled substance or substances, as said information is in the exclusive control of the Commonwealth.

5. Defendant requests that the Court order the Commonwealth to provide his attorney with a representative sample of the alleged controlled substance or substances tested in connection with this case in order that he may have an independent analysis performed on the same.

6. Refusal of the relief sought would deny Defendant his constitutional rights to compulsory process for obtaining witnesses in his favor and due process of law under the 6th and 14th Amendments to the United States Constitution and the applicable provisions of the Pennsylvania Constitution.

The equivalent paragraphs of Hunsinger's application were virtually identical. The lower court denied both applications. In their post-verdict motions appellants assigned the refusal of discovery as error. In denying the motions, the lower court held that under (the then effective) Pennsylvania Rule of Criminal Procedure 310 [2] it had no authority to

**2.** Former Pa.R.Crim.P. 310 read in relevant part:

**Rule 310. Pretrial Discovery and Inspection**

All applications of a defendant for pretrial discovery and inspection shall be made not less than five days prior to the scheduled

order the requested discovery unless appellants showed "exceptional circumstances and compelling reasons," which, the court said, they had not done.

We have found no controlling Pennsylvania appellate court decision on the right of an accused, in a narcotics prosecution, to have an independent expert examination of the substances in question. Indeed this Court evenly divided on this question in *Commonwealth v. Dorsey,* 266 Pa.Super. 442, 405 A.2d 516 (1979), and that opinion, therefore, lacks precedential force. We are persuaded, however, by the reasoning set forth in the opinion in support of reversal in that case, that such independent testing should be granted. In that opinion, Judge Spaeth found the "exceptional circumstances and compelling reasons" requirement of Pa.R. Crim.P. 310 satisfied by defendant's request to have his expert test the substances alleged by the prosecution to be heroin:

it is most "exceptional" when the Commonwealth asks a defendant to accept the word of one of its witnesses—which was the practical effect of what was done here; and the reasons for seeking an independent examination and test, as the only way to impeach that witness, are most "compelling" when the substance in question is the entire case—if the substance was not heroin, there is no case.

266 Pa.Super. at 454, 405 A.2d at 522. Other jurisdictions presented with the same issue have likewise granted an

date of trial. The court may order the attorney for the Commonwealth to permit the defendant or his attorney, and such persons as are necessary to assist him, to inspect and copy or photograph any written confessions and written statements made by the defendant. No other discovery or inspection shall be ordered except upon proof by the defendant, after hearing, of exceptional circumstances and compelling reasons.

The availability of pre-trial discovery has since been substantially increased. Rule 310 was amended and renumbered Rule 305, effective in cases in which the indictment or information was filed after Jan. 1, 1978. The lower court indicated in its opinions in these cases that under the new rule it would routinely have granted the requested discovery.

accused the right to independently test alleged substances. For example, the Supreme Court of Mississippi has said:

> The guilt or innocence, prison sentence or acquittal, of the defendant depends entirely upon the identification of the contents of the boxes as marijuana. This substance was relevant, material, competent and, in fact, necessary evidence to defendant's conviction. Under this circumstance we are of the opinion that due process of law requires, upon the court's attention being directed thereto by motion, that the analysis of the substance not be left totally within the province of the state chemist.

*Jackson v. State,* 243 So.2d 396, 398 (Miss.1970). *See also United States v. Kelly,* 420 F.2d 26 (2d Cir.1969); *United States v. Acarino,* 270 F.Supp. 526 (E.D.N.Y.1967); *Warren v. State,* 292 Ala. 71, 288 So.2d 826 (1973); *People v. Taylor,* 54 Ill.App.3d 454, 12 Ill.Dec. 76, 369 N.E.2d 573 (1977); *State v. Migliore,* 261 La. 722, 260 So.2d 682 (1972); *People v. White,* 40 N.Y.2d 797, 390 N.Y.S.2d 405, 358 N.E.2d 1031 (1976); *State v. Gaddis,* 530 S.W.2d 64 (Tenn.1975); *State v. Stephens,* 529 S.W.2d 712 (Tenn.1975); *Detmering v. State,* 481 S.W.2d 863 (Tex.Cr.App.1972). In some of these cases a rule of criminal procedure has been involved but in construing the rule the courts have typically engaged in a due process analysis. *E.g., State v. Gaddis, supra; State v. Migliore, supra.*

We, therefore, hold that a fair application of Rule 310 and reasoned authority require the grant of appellants' applications for an independent expert examination of the substances in question. The lower court committed error when it determined that appellants had not shown "exceptional circumstances and compelling reasons" in support of their discovery request. It is clear that the court, by its action, *may have* severely limited the presentation of appellants' defense. We cannot conclude, however, that the court's ruling *necessarily* had a deleterious effect on appellants' defense strategy, thereby mandating a new trial.

A fundamental principle of appellate review is that a judgment, order or decree will not be disturbed if there is

only harmless error. *Paley v. Trautman,* 317 Pa. 589, 177 A. 819 (1935); *Campbell v. Commonwealth of Pennsylvania Department of Environmental Resources,* 39 Pa.Cmwlth. 624, 396 A.2d 870 (1979); 9 Standard Pa. Practice Ch. 40, § 190; 2 P.L.E. Appeals § 461 *et seq.* In the instant case the burden of proving the error harmless is on the Commonwealth. *Commonwealth v. Story,* 476 Pa. 391, 406 n. 11, 383 A.2d 155, 162 n. 11 (1978).

An independent expert examination of the substances in question may disclose that they are not marijuana. If so, appellants likely would have conducted their defense in a wholly different manner. A new trial must be awarded under these circumstances since the lower court's erroneous denial of appellants' applications would not have been harmless. On the other hand, an independent expert examination may confirm that the substances are marijuana and also that the tests employed by the Commonwealth's experts were unimpeachable. Appellants could hardly then claim that their trial defense was affected by the court's erroneous ruling; in fact, such a result would place appellants in the exact posture as they found themselves during their trials. Hence, the court's ruling, although improper, would constitute harmless error and the grant of a new trial would be inappropriate.

Since we are unable, from the present record, to determine what the results of independent testing will be, the grant of a new trial would, at this time, be premature. We would instead remand these cases to the lower court to allow the appellants' experts to conduct an independent examination of the substances. If the substances are indeed marijuana, we would allow the trial verdict to remain; if they are not, we would grant a new trial.

We find that a remand is required for other reasons as well. The first reason, raised by appellant Arenella, concerns trial counsel's alleged ineffectiveness for failing to object when a Commonwealth witness testified that he

received information that appellant was involved in drug trafficking: [3]

A:  I came into the presence of one Frank Arenella, the defendant seated at the table back there, on June 21, 1977.

Q.  Where was this?

A.  At his place of business at Garden City on Route # 11 near Bloomsburg.

Q.  What kind of business was it?

A.  It was a retail business that sold shrubbery and plants, and items like that.

Q.  How did it come about that you met him there?

A.  Through information received from his brother, Robert Arenella, and the police force.  We received information that the defendant, Frank Arenella, was involved in drug trafficking.

Q.  You say police sources?

A.  Yes.

Q.  What police sources?

A.  The Bloomsburg Police Department.

(N.T. 16–17).

This evidence was not only inadmissible, *See Commonwealth v. Jensch,* 274 Pa.Super. 266, 418 A.2d 399 (1980), it was also elicited from a question which did not ask for such information.  The present record does not disclose why trial counsel did not object and we are hard pressed to conceive of a reason for his failure to do so.  Nonetheless, since counsel may have had a reasonable basis for not objecting to this improper testimony, we must remand for an evidentiary hearing to determine whether counsel's omission rendered his representation incompetent.  *See e.g. Commonwealth v. Corish,* 296 Pa.Super. 92, 96, 442 A.2d 311, 314 (1982) (need

---

**3.**  In his brief, appellant acknowledges that this claim was not raised on post-trial motions when he was represented by new counsel, who is also counsel in this appeal.  His failure to do so was apparently due to the absence of the transcribed notes of trial testimony.  This fact has not been disputed by the prosecution, nor has the Commonwealth urged that this claim has not been preserved for appellate review.  Under these circumstances, we do not find that appellant's argument has been waived.

for evidentiary hearing to dispose of ineffectiveness of counsel claims).

Appellants Arenella and Hunsinger have both presented a second claim which requires exploration at an evidentiary hearing. That concerns their counsel's ineffectiveness for not objecting to the court's jury charge regarding the consideration of character evidence.[4] The instruction given in the trial of appellant Arenella was as follows:

The defendant did produce the testimony of two witnesses in his behalf. They were Dr. Percival Roberts and Harriet Hock. These witnesses who were called testified that they have known the defendant and that they were acquainted with others in the community who know the defendant, and accordingly, they are familiar with the defendant's reputation in the community, and they told you that the defendant's reputation in the community for honesty and integrity is good, and was good, and that there was nothing they heard which was detrimental to that. It is important that you understand how this type of evidence is to be treated by you as jurors.

If a person has lived a good life and has earned a good reputation in the community among people who know him, the law permits him to avail himself to that reputation as evidence in support of his innocence, once he has been accused of a crime in criminal Court. Now, if the Commonwealth has shown beyond a reasonable doubt that the defendant is guilty to your satisfaction, even though he has had a good reputation, he is not to go free simply because of that reputation. However, evidence of good reputation is substantive evidence and is to be considered by you along with all of the other evidence in the case, and if, when all combined, creates a reasonable doubt, then you are to find the defendant not guilty. Reputation evidence is offered not simply to raise reasonable doubt, but to establish the innocence of the defendant, and if you

4. We consider appellant Arenella's argument for the same reasons set forth in footnote 3, *supra*. Appellant Hunsinger's claim has been raised at the first opportunity since he is now represented by new counsel.

conclude that he bore such a reputation prior to his arrest in this case, you are to regard it as a fact, like any other, tending to show his innocence.

Now, a distinct issue is not created by this type of testimony, nor is it brought into this case as a mere make-weight. It is to be taken into account with all of the other evidence in the case, and if the whole of the evidence is sufficient in your judgment to raise a reasonable doubt in your mind, then the defendant is entitled to be acquitted. (N.T. 146–148).

We will not quote the precise language of the charge given in the case of appellant Hunsinger because it was substantially the same. It is alleged that appellants were entitled to an instruction that evidence of good character may by itself be sufficient to raise a reasonable doubt and justify an acquittal of the charges. We agree. *Commonwealth v. Scott,* 496 Pa. 188, 195 n. 1, 436 A.2d 607, 611 n. 1 (1981). The distinction between the instruction given in this case and that approved of in *Commonwealth v. Holland,* 480 Pa. 202, 389 A.2d 1026 (1978) is subtle, yet a distinction exists nonetheless. There the court incorporated the following in its instruction concerning reputation evidence: "In some instances [evidence of good reputation] may of itself work an acquital [sic] or create a reasonable doubt." *Id.,* 480 Pa. at 219, 389 A.2d at 1034. In these cases, the trial court omitted that requisite statement altogether. Accordingly, there is arguable merit to appellants' claim that their counsel should have objected to the court's charge. We cannot, however, say at this time that there may not have been a reasonable basis for counsel's dereliction. On this question also we direct that an evidentiary hearing be held before the lower court. *Commonwealth v. Corish, supra.*

In sum, we would remand these cases for two purposes: (1) expert examination by both appellants of the alleged controlled substances, and (2) an evidentiary hearing to dispose of appellants' ineffectiveness claims as discussed in this opinion. If, following the examination and the evidentiary hearing, it is determined that the substances are not

marijuana or that counsel's failure to object was, in either instance, unreasonable, a new trial must be granted. Alternatively, in the event that the results of the examination and the evidentiary hearing obviate the need for a new trial, the present adjudication is without prejudice to the appellate rights of both parties following the lower court's disposition on remand. We would still, under these circumstances, remand both cases for resentencing because the sentencing court, in imposing fines, failed to comply with 42 Pa.C. S.A. § 9726 which requires a determination that appellants were or would be able to pay those fines. *See Commonwealth v. Schwartz,* 275 Pa.Super. 112, 418 A.2d 637 (1980).

Remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

SPAETH, J., files concurring and dissenting opinion.

SPAETH, Judge, concurring and dissenting:

I concur in the majority's disposition of these appeals, and join its opinion, except in one respect. I believe that as a result of the lower court's denial of their request for samples of the alleged marijuana, appellants are entitled to a new trial. I therefore dissent from the majority's decision to remand for expert examination of the alleged marijuana.

The majority says that "an independent expert examination may confirm that the substances are marijuana and also that the tests employed by the Commonwealth's experts are unimpeachable. Appellants could hardly then claim that their trial defense was affected by the court's erroneous ruling; in fact, such a result would place appellants in the exact posture as they found themselves during their trials." At 246. I submit that this statement is beyond our competence.

At each trial defense counsel vigorously cross-examined the Commonwealth's expert, trying to cast doubt on the expert's qualifications and on the validity of the testing procedures employed. Without having had the opportunity to have his own expert test the alleged marijuana, counsel

had to conduct the cross-examination more or less in the dark. For example, the reliability of the Commonwealth's procedures might depend on particular qualities of the material tested, but without his own tests, counsel could not know whether the material had those qualities. As the Supreme Court of Alabama has put it:

> To enable one to present his defense fully and effectively, the right of cross-examination, thorough and sifting, must remain inviolate, and to enable the defendant to invoke this right, on motion, he should be furnished a sample of the allegedly prohibited substance that will be offered against him in the trial so that he can have its qualities researched by scientists of his choosing. We think that to deny him this right is to deny him due process[.]

*Warren v. State,* 292 Ala. 71, 75, 288 So.2d 826, 830 (1973). It may of course be true that if counsel had had his own tests, his expert would have confirmed that the material was indeed marijuana. But then counsel might have chosen a different strategy, placing less emphasis on cross-examination of the Commonwealth's expert and more in another area. In any case, I don't see how we as an appellate court are competent to say that we know that counsel's strategy could not have been affected by the knowledge that independent tests had confirmed that the alleged marijuana was marijuana.

When the question now before us has been presented to other courts on appeal from a conviction,[1] the result has almost without exception been the grant of a new trial. This was true in the case from which I have just quoted, *Warren v. State, supra,* as well as in the case quoted by the majority, at 246, *Jackson v. State,* 243 So.2d 396 (Miss.1970). Of all of the cases cited by the majority, slip op. at 5–6, in only one was the grant of a new trial conditioned on the outcome of independent tests. *State v. Gaddis,* 530 S.W.2d

1. In two of the cases cited by the majority, at 246, the proceedings were still at a pre-trial stage, so the question of whether there should be a new trial was not presented. *United States v. Acarino,* 270 F.Supp. 526 (E.D.N.Y.1967); *State v. Migliore,* 261 La. 722, 260 So.2d 682 (1972).

64 (Tenn.1975). I find no reason not to follow the majority rule.

I therefore dissent from that part of the majority's order that conditions the grant of a new trial on the result of the independent tests.