462 A.2d 840

**COMMONWEALTH of Pennsylvania**

v.

**Thomas ROBINSON, Appellant.**

Superior Court of Pennsylvania.

Submitted April 26, 1983.

Filed July 8, 1983.

Petition for Allowance of Appeal Denied Oct. 17, 1983.

154

John Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Com., appellee.

Before ROWLEY, WIEAND and POPOVICH, JJ.

WIEAND, Judge:

Thomas Robinson was tried by jury and found guilty of statutory rape [1] and corruption of a minor. [2] Post trial motions were denied, and appellant was sentenced to serve concurrent terms of imprisonment. In this direct appeal from the judgments of sentence, he contends that the evidence was insufficient to sustain the convictions because the Commonwealth failed to establish the exact dates upon which the offenses occurred. Robinson also argues that the trial court committed reversible error by permitting the

1. 18 Pa.C.S. § 3122.

2. 18 Pa.C.S. § 6301.

victim to testify to alleged sexual acts with appellant on dates prior to those charged in the information. Finding appellant's arguments to be devoid of merit, we affirm the judgments of sentence.

■ "The test for sufficiency of the evidence is whether accepting as true all of the evidence reviewed in the light most favorable to the Commonwealth, together with all reasonable inferences therefrom, the trier of fact could have found that each element of the offenses charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt." *Commonwealth v. Lovette,* 498 Pa. 665, 669, 450 A.2d 975, 977 (1982), *cert. denied,* 459 U.S. 1178, 103 S.Ct. 830, 74 L.Ed.2d 1025 (1983). Accord: *Commonwealth v. Lee,* 460 Pa. 374, 377, 333 A.2d 773, 775 (1975); *Commonwealth v. Miller,* 303 Pa.Super. 504, 507, 450 A.2d 40, 41 (1982); *Commonwealth v. Riquelmy,* 303 Pa.Super. 403, 405, 449 A.2d 750, 751 (1982); *Commonwealth v. Corish,* 296 Pa.Super. 92, 94, 442 A.2d 311, 313 (1982). In making this evaluation, all evidence received by the fact finder must be considered, whether the trial court's rulings thereon were correct or incorrect. *Commonwealth v. Lovette, supra* 498 Pa. at 669, 450 A.2d at 977; *Commonwealth v. Cohen,* 489 Pa. 167, 177, 413 A.2d 1066, 1072 (1980), *cert. denied,* 449 U.S. 840, 101 S.Ct. 118, 66 L.Ed.2d 47 (1980); *Commonwealth v. Corish, supra* 296 Pa.Super. at 94–95, 442 A.2d at 313.

When so viewed, the evidence introduced at trial established the following facts: In 1976, the victim, Wanda F_____, her younger sister, Willa, and her mother began sharing a home with appellant, the paramour of Wanda's mother. Wanda, then approximately 9 years of age,[3] treated appellant as her stepfather and called him "Pop." She testified that sometime in January of 1978 appellant informed her that she had contracted a venereal disease and required treatment for it. Wanda testified that appellant told her he had learned of her "illness" when he saw her

---

3. At the time of trial in April of 1981 Wanda, born on January 25, 1967, was fourteen years of age.

name on records in a medical center and assured her that he was a paramedic and could administer the treatments necessary to cure her "disease." Wanda testified that it was approximately on a weekly basis, beginning in January of 1978, that appellant inserted a syringe and other objects as well as his penis into her vagina on the pretense of treating her for venereal disease. In August, 1980, Wanda attended a course in sex education and learned that appellant had been lying to her. She frequently visited her priest, Father McAteer, during the following two week period and was urged by him to explain to her mother what had been occurring. Wanda finally told her mother in November of 1980 and Wanda, her mother and sister immediately vacated the house in which they had been living with appellant. Prosecution followed.

█ Appellant argues that the evidence was insufficient to sustain the convictions for statutory rape and corruption of a minor because the Commonwealth did not "establish with any degree of certainty a particular date . . . on which an act of sexual intercourse was alleged to have occurred." While the Commonwealth must establish to a reasonable degree of certainty the approximate date of the offense charged, "[t]he Commonwealth need not always prove a single specific date of the crime." *Commonwealth v. Devlin,* 460 Pa. 508, 516, 333 A.2d 888, 899 (1975). Accord: *Commonwealth v. Niemetz,* 282 Pa.Super. 431, 441, 422 A.2d 1369, 1374 (1980) *allocatur denied* February 3, 1981; *Commonwealth v. Speicher,* 259 Pa.Super. 433, 440, 393 A.2d 904, 907 (1978). See also: *Commonwealth v. Yon,* 235 Pa.Super. 232, 237, 341 A.2d 169, 171–172 (1975).

█ In the instant case, Wanda testified that sexual acts had occurred on a weekly basis from January of 1978 until September of 1980. She had made entries in a diary on numerous dates during 1978 and 1979 and had noted in that diary three instances regarding appellant's "treatments" of her. While Wanda testified that only one of the entries had been made immediately after the event and that she was uncertain of which entry had been made contempo-

raneously, the evidence was sufficient to establish with reasonable certainty the dates on which acts constituting the crimes of statutory rape and corruption of a minor had occurred. Moreover, Wanda testified that appellant's "treatments" of her had occurred "about three times a week" between 1978 and September of 1980. This testimony was sufficient to establish to a *reasonable* certainty the dates of intercourse. The Pennsylvania Supreme Court in *Commonwealth v. Devlin, supra,* does not hold otherwise. There, the evidence established only that a crime had occurred *some time* within a fourteen month period. This, the Court held, was insufficient to satisfy the requirements of due process. The Supreme Court observed, however, that it would not "enunciate the exact degree of specificity in the proof of the date of a crime which will be required or the amount of latitude which will be acceptable. Certainly the Commonwealth need not always prove a single specific date of the crime. Any leeway permissible would *vary with the nature of the crime and the age and condition of the victim, balanced against the rights of the accused." Id.* 460 Pa. at 516, 333 A.2d at 892 (footnote and citations omitted) (emphasis supplied). Where, as here, the victim was a child, the crime had been repeated frequently over a lengthy period, and the Commonwealth's evidence was sufficient to establish specific dates on several occasions, the convictions will be sustained.[4]

■ Appellant also contends that the trial court committed error by permitting Wanda to testify that appellant had engaged in sexual intercourse with her on dates prior to those charged in the amended informations. The amended informations charged appellant with rape,[5] statutory rape

---

**4.** We note, moreover, that appellant at no time requested a bill of particulars or challenged the sufficiency of the informations filed against him. See and compare: *Commonwealth v. Devlin, supra; Commonwealth v. Niemetz, supra; Commonwealth v. Speicher, supra; Commonwealth v. Yon, supra.*

**5.** The trial court granted appellant's demurrer to the charge of forceable rape at the close of the Commonwealth's case.

and corruption of a minor "on or about January 1, 1980 and on divers dates thereafter up to and including September 30, 1980." [6] Wanda testified at trial that appellant had first engaged in sexual intercourse with her in January of 1978 and had continued to do so until September of 1980. Appellant's argument that it was error to permit testimony concerning acts which antedated those charged in the information is without merit.

"It is well settled in Pennsylvania that evidence of criminal activity not charged in the indictment or information on which the defendant is being tried cannot be introduced at trial except in certain limited circumstances. *Commonwealth v. Roman*, 465 Pa. 515, 351 A.2d 214 (1976); *Commonwealth v. Fortune*, 464 Pa. 367, 346 A.2d 783 (1975); *Commonwealth v. Foose*, 441 Pa. 173, 272 A.2d 452 (1971); *Commonwealth v. Wable*, 382 Pa. 80, 114 A.2d 334 (1955)." *Commonwealth v. Fuller*, 479 Pa. 353, 357, 388 A.2d 693, 694–695 (1978). Accord: *Commonwealth v. Martinez*, 301 Pa.Super. 121, 124, 447 A.2d 272, 273 (1982); *Commonwealth v. Lee*, 297 Pa.Super. 216, 219–220, 443 A.2d 804, 805 (1982); *Commonwealth v. Niemetz, supra* 282 Pa.Super. at 443–444, 422 A.2d at 1375. " 'The purpose of this rule is to prevent the conviction of an accused for one crime by the use of evidence that he has committed other *unrelated* crimes, and to preclude the inference that because he has committed other crimes he was more likely to commit that crime for which he is being tried. The presumed effect of such evidence is to predispose the minds of the jurors to

6. The original bills of information charged appellant with rape, statutory rape, indecent assault and corruption of a minor and alleged that the acts of intercourse took place from 1977 through September of 1980. The indecent assault charge was dismissed and the Commonwealth was permitted to amend the informations after Wanda testified at the preliminary hearing that appellant had first engaged in sexual intercourse with her in January of 1980. At trial Wanda testified that she had changed her testimony at the preliminary hearing because her mother was in the courtroom and she did not wish to cause her mother additional anguish by revealing just how long the sexual relations between herself and appellant had gone on.

believe the accused guilty, and thus effectively to strip him of the presumption of innocence.' " *Commonwealth v. Spruill,* 480 Pa. 601, 604–605, 391 A.2d 1048, 1049–1050 (1978) quoting *Commonwealth v. Terry,* 462 Pa. 595, 599–600, 342 A.2d 92, 94–95 (1975) (emphasis supplied). Accord: *Commonwealth v. Styles,* 494 Pa. 524, 527, 431 A.2d 978, 980 (1981); *Commonwealth v. Lee, supra* 297 Pa.Super. at 220, 443 A.2d at 805–806.

■ In the instant case, Wanda's testimony concerning appellant's ruse and the acts of intercourse occurring thereafter in 1978 and 1979 did not introduce evidence of "other crimes." Her testimony, rather, was evidence of part of one and the same transaction, a natural development of the facts surrounding the offenses for which appellant was being tried. This is an exception to the general rule. "In *Commonwealth v. Williams,* 307 Pa. 134, 160 A. 602 (1932), [the Supreme Court] spelled out [the "same transaction"] exception, saying that such evidence is admissible where '[the] prior ... criminal act formed a part of a chain, or *was one of a sequence of acts, or became part of the history of the event on trial, or was part of the natural development of the facts.*' " *Commonwealth v. Davenport,* 286 Pa.Super. 212, 215, 428 A.2d 647, 649 (1981) quoting *Commonwealth v. Brown,* 462 Pa. 578, 590–591, 342 A.2d 84, 90 (1975) (emphasis in original). Accord: *Commonwealth v. Ross,* 413 Pa. 35, 40, 195 A.2d 81, 83 (1963); *Commonwealth v. Lee, supra* 297 Pa.Super. at 226–227, 443 A.2d at 809; *Commonwealth v. Stufflet,* 276 Pa.Super. 120, 125, 419 A.2d 124, 127 (1980); *Commonwealth v. Stevens,* 237 Pa.Super. 457, 463, 352 A.2d 509, 512 (1975). Pursuant to this exception, the evidence of intercourse prior to 1980 was properly received.

The judgments of sentence are affirmed.