# Heine *versus* Commonwealth.

1. The declarations of a conspirator are evidence against himself and his associates when made during the performance of the fraudulent transactions which constitute the crime charged, for they form part of such transactions, and as such may properly be admitted; but when not made during the progress of the fraudulent scheme, but afterwards, to a third party, as to what had previously been done, they are not evidence.

2. One of two or more conspirators may be separately indicted, tried and convicted, and the fact that A. has not been indicted with B. is immaterial if it sufficiently appears from the record that he was a confederate.·

3. In order to render the offence of conspiracy complete, there is no occasion that any act should be done, or that any one should be aggrieved or defrauded in pursuance or in consequence of the unlawful agreement.

4. Evidence of good character is not a mere makeweight, thrown in to assist in the production of a result that would happen at all events, but it is positive evidence, and may, of itself, by the creation of a reasonable doubt, produce an acquittal. It was error, therefore, for the court to instruct the jury, " if a man is guilty his previous good character has nothing to do with the case; but if you have doubt as to his guilt, then character steps in and aids in determining that doubt."

June 23d 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. WOODWARD, J., absent.

Error to the Court of Quarter Sessions of *Tioga county :* Of May Term 1878, No. 36.

Indictment of Arnold B. Heine, for conspiracy to cheat and defraud his creditors. In 1876, Heine owned a store in Blossburg, which contained a quantity of goods. On the 17th of August these goods were assigned by Heine to Henry Weill, a young man who had been a clerk in his store. At this time Heine owed a

large sum of money to Claflin & Co., of New York, and E. S. Jaffrey & Co., of the same city, for goods purchased of said firms. It was not disputed that about the time of the assignment, Heine owed about $24,000, and that his assets were only $4488. The Commonwealth alleged that this assignment was fraudulent, not a bona fide or absolute sale to Weill, but was intended to defraud Heine's creditors. The questions passed upon by this court do not make it necessary to enter into the details of the alleged conspiracy. The defendant was convicted, and after judgment he took this writ and made the following assignments of error:

The court, Wilson, J., erred in admitting, as evidence, the testimony of Edward C. Holmes, who was offered by the Commonwealth to prove: That he had a conversation with Henry Weill, on or about the 12th of September 1876, at Blossburg, in relation to the previous transfer of the stock of goods of Heine to himself; that in that conversation Weill stated to the witness that at the time the transfer was made to him, he understood its purpose; that he paid nothing for the goods and did not expect to pay anything; that he received them without consideration, for the purpose of assisting Heine to keep them from his creditors; that the money stated in the bill of sale, was paid by Heine to Weill himself but a few moments before it was paid over by Weill to Heine in the presence of F. E. Smith, on the day the bill of sale was signed; that further, he had given two signatures to Heine on a blank piece of paper, Heine stating to him that he wanted them so that in case there was trouble in relation to the goods, instruments in writing might be filled out over them of a proper kind to conceal the true state of the transaction between Weill and Heine.

This evidence offered for the purpose of showing that Weill, with whom it is alleged in the indictment that Heine, confederated to cheat and defraud the parties named in the indictment, understood the nature of the transaction and had previously agreed with Heine to assist him in this attempt to cheat and defraud said persons.

The court erred in saying, inter alia, in the general charge: "If you believe the defendant guilty, you will bring him in guilty. Evidence has been produced showing this man's good character previous to this time. If a man is guilty his previous good character has nothing to do with the case, but if you have reasonable doubts as to his guilt, then character steps in and aids in determining that doubt."

The court erred in ruling that the indictment was not defective inasmuch as it is against only one defendant, charging him with a. conspiracy with a person named and described therein; inasmuch as such co-conspirator, as indicated by the record, was not unknown to the grand inquest. The indictment should have been against both persons charged, and is therefore defective.

[Heine v. Commonwealth.]

*A. J. Herr, C. H. Seymour* and *J. M. Weistling*, for plaintiff in error.—The indictment in the most general terms charges the defendant *alone* with conspiring with Weill to assign and transfer goods and merchandise with intent to cheat and defraud defendant's creditors, without stating whose, or what goods, or where, or when they were to be transferred and assigned, and erroneously charges a simple, naked conspiracy by one with another person known, but not joined as defendant, nor any excuse given for such non-joinder; nor statement that anything was ever done in pursuance of such conspiracy to injure or affect any one.

There cannot be a conviction for a confederation or agreement to do a thing, if neither party ever did anything in pursuance of the agreement, and no one was injured thereby. Could there be any legal conviction? And if not, is there any sufficient charge of an offence in the indictment in this case? And should not the court have so charged the jury: Commonwealth *v.* Byerly, 2 Brewster 568; Regina *v.* Parker, 3 Ad. & E. 741; Rex *v.* King, 7 Ad. & E. 782; Hartman *v.* Commonwealth, 5 Barr 60; White *v.* The Queen, 13 Cox Cr. Cas. 318; 3 Russell on Crimes 152; Whart. Crim. Law, vol. 3, note to sect. 2305.

The declarations of Weill were not evidence for any purpose. Not against Weill, because he was not being tried, and not against defendant, had they been made at the proper time, or during the time of the alleged conspiracy, as such declarations would not be evidence until the conspiracy was proved.

Such declarations can never be evidence against anybody, except the one who makes them: 1 Greenl. on Ev. 157; 3 Id. 101; 1 Whart. Crim. Law, 5th ed., sects. 702–6; State *v.* Dean, 13 Ired. 63; State *v.* Thibeau, 30 Vern. 100; 2 Bishop Crim. Law, 192, sect. 191; Benford *v.* Sanner, 4 Wright 10; 2 Whart. Crim. Law 1205; Duncan *v.* State, 64 Mo. 262; Craig *v.* Craig, 5 Rawle 91; United States *v.* Craig, 4 W. C. R. 729; Tompkins *v.* Saltmarsh, 14 S. & R. 280–1.

*H. Sherwood, M. F. Elliott* and *H. B. Packer*, District-Attorney, for Commonwealth.—Every indictment shall be deemed and adjudged sufficient and good in law, which charges the crime substantially in the language of the Act of Assembly prohibiting the crime: sect. 12 of Cr. Proc., Purd. Dig., p. 377; Com. *v.* Eberle et al., 3 S. & R. 9; Collins *v.* Com., 3 Id. 220; Com. *v.* Gillespie, 7 Id. 479; Com. *v.* McKisson, 8 Id. 420; Carey *v.* Com., 4 Barr 210; Rhoads *v.* Com., 3 Harris 277; Hazen *v.* Com., 11 Id. 355; Twitchell et al. *v.* Com., 9 Barr 211.

In conspiracy the thing intended need not be accomplished; but the bare combination constitutes the crime: 2 Bish. Cr. Law, s. 192. The indictment must always charge the crime against more persons

than one, because one cannot conspire alone, yet there need not necessarily be more than a single person made defendant.

In a charge of conspiracy, it seems no more necessary to specify names of the defendant's coadjutors than in an indictment for an assault and battery, to name others besides the accused who were concerned in the trespass, if the fact were really so: 2 Bishop's Crim. Procedure, sect. 225 ; People *v.* Mather, 4 Wendell 265–6.

The offer to show the declarations of Weill, was made to show his knowledge of the purpose Heine had in view, in proposing to transfer his goods to Weill, and if the purpose was a criminal one, that he assented to it, and not for the purpose of having any bearing upon the question of Heine's guilty intent.

Mr. Justice GORDON delivered the opinion of the court, October 6th 1879.

We have no doubt that the declarations of Weill as detailed by Edward C. Holmes and others, made, as they appear to have been, after the relations between himself and Heine had been dissolved, were improperly admitted. The declarations of a conspirator are, of course, always evidence against himself, and they are also evidence against his associates when they are made during the performance of the fraudulent transactions which constitute the crime charged, for they then form part of such transactions and as such may properly be admitted; but when not made during the progress of the fraudulent scheme but afterwards, and, as in this case, in a mere rehearsal to a third party of what has previously been done, they are not evidence: 3 Chit. Crim. Law 1143.

Furthermore, the learned judge of the court below committed an error in saying to the jury : " If a man is guilty, his previous good character has nothing to do with the case ; but if you have doubt as to his guilt, then character steps in and aids in determining that doubt." The effect of this was to give the evidence of good character no weight whatever, for if the other testimony left, in the minds of the jury, a reasonable doubt of the defendant's guilt, this of itself, without more, entitled him to an acquittal. Evidence of good character is not a mere makeweight thrown in to assist in the production of a result that would happen at all events, but it is positive evidence, and may, of itself, by the creation of a reasonable doubt, produce an acquittal: Whart. Crim. Law, sect. 643.

We next turn to the exceptions taken to the indictment. That instrument, in substance, charges as follows : that the defendant, Arnold B. Heine, intending to cheat and defraud H. B. Claflin & Co. and S. F. Jaffrey & Co. of their money, goods, &c., and prevent them from obtaining payment of their just claims, together with one Henry Weill, wickedly and deceitfully, did then and there falsely and maliciously conspire, combine, confederate and agree, to and with the said Henry Weill, to cheat, defraud, &c.

[Heine *v.* Commonwealth.]

The objection is that Heine alone is charged; that a fraudulent conspiracy is in its nature joint, and that one alone cannot be guilty of this offence. This is strictly true; nevertheless, one of two or more conspirators may be separately indicted, tried and convicted: 3 Chit. Crim. Law, v. 1141. Therefore, that Weill has not been indicted with Heine can make no difference if it sufficiently appears, from the record, that he was a confederate. If, however, one can be separately indicted, how could he be charged other than the defendant has been charged in the bill before us? To say that Arnold B. Heine, together with Henry Weill, did conspire, combine, confederate and agree to and with the said Henry Weill, to cheat, &c., is certainly a most direct and positive implication of two persons in the same crime. There surely can be no mistake, from the reading of this instrument, but that, in the commission of the misdemeanor charged, Weill was a fellow conspirator with Heine. It follows that this exception cannot be sustained.

The other objection that it does not appear in the bill of indictment, that the unlawful act intended was accomplished, has nothing in it. It has been repeatedly ruled that in order to render the offence complete, there is no occasion that any act should be done, or that any one should be aggrieved or defrauded in pursuance, or in consequence of the unlawful agreement: Collins *v.* Commonwealth, 3 S. & R. 223; Commonwealth *v.* McKisson, 8 Id. 420.

Judgment reversed and a new *venire* ordered.