# Commonwealth *v.* Stoner, Appellant.

*Criminal law—Evidence of good character—Charge.*

1. Where the court on the trial of a criminal indictment correctly and properly charges as to the consideration to be given to evidence of good character, it cannot be convicted of error in further charging as follows: "This does not mean that because a man has behaved well in a certain particular heretofore, and has there and then ceased to behave well and has in fact committed the crime charged, it does not mean that if he is guilty he shall be acquitted, or have any benefit of the fact that he has heretofore behaved well, but it does mean that in determining whether you are satisfied beyond a reasonable doubt that he is guilty, that he did commit the act, you

140    COMMONWEALTH *v.* STONER, Appellant.

shall give him the benefit of a full and fair consideration of the evidence of good reputation in connection with all the other evidence in the case."

*Indictment—Second indictment after first had been ignored—Discretion of court.*

2. In a criminal prosecution it is within the discretion of the lower court to permit the district attorney to submit a new bill after the first indictment has been ignored.

*Criminal law—Arrest of judgment—Quashing indictment—Production of letter before grand jury.*

3. Where on the trial of an indictment a letter was produced which the defendant admitted he had written, the court will not, after a verdict of guilty, grant a new trial on the ground that the same letter had been produced by a witness before the grand jury without any proof that the letter had been written or signed by the defendant.

Argued Feb. 10, 1919. Appeal, No. 216, Jan. T., 1919, by defendant, from judgment of Superior Ct., Oct. T., 1917, No. 83, affirming judgment of O. & T. Chester Co., Aug. T., 1916, No. 16, on verdict of guilty in case of Commonwealth v. Edward D. Stoner. Before Brown, C. J., Stewart, Frazer, Walling and Simpson, JJ. Affirmed.

Appeal from judgment of Superior Court.

See Commonwealth v. Stoner, 70 Pa. Superior Ct. 365.

The Superior Court affirmed the judgment of the court of oyer and terminer. Defendant appealed.

*Error assigned* was the judgment of the Superior Court.

*S. Duffield Mitchell,* for appellant.

*Harris L. Sproat,* Assistant District Attorney, with him *Truman D. Wade,* District Attorney, for appellee.

Opinion by Mr. Justice Stewart, June 21, 1919:

The appellant, an unmarried man, about forty-seven years of age, a farmer by occupation, was convicted in the

Oyer and Terminer Court of Chester County of the crime of statutory rape committed on the person of a little girl, Anna Walton, of the age of twelve years, one of a household composed of appellant and his aged mother, and employed there in domestic and other service. This little girl was one of a large family of children of humble and poor parents, living in Lancaster County, some eight miles from appellant's house. To lighten the burden thus imposed upon the parents she had been committed to the care of the Children's Aid Society of Lancaster County, and it was from that institution the appellant obtained her to serve as a help about his house. She entered appellant's employ in April, 1914, and so continued until December 3, 1915. On the 29th of February, 1916, she gave birth to a child which survived a little more than a month. The parentage of this child she charged upon the appellant; and made information against appellant five days before the birth of the child. He was held to answer the charge, and a true bill having been found against him, he was regularly tried at a succeeding term of the court, and was found guilty in manner and form. Judgment followed. Appeal was taken to the Superior Court. That court having affirmed the judgment of the court below, the present appeal followed. A fuller statement of the general facts would not be helpful in the consideration of the questions before us.

After a careful study of this record in the light of the assignments of error and the argument advanced by the learned counsel for the appellant in support, we are of opinion that it discloses no reversible error. The appellant was convicted after what must be regarded as a fair and impartial trial, in which he was accorded every right and privilege the law entitled him to. Upon a review of the case upon appeal to the Superior Court, where like complaint as here was made, the judgment rendered in the court below was sustained. The case is a very serious one in every respect and calls for corresponding care in its consideration. The crime charged, considering the

extreme youth of the girl, is so repellant, not to say unnatural, and a conviction of the defendant would necessarily prove so disastrous to him personally, because of the nature of the offense, that we may be quite sure that the ordinary jury would be glad to give full effect to the presumptions of innocence of the defendant, where, as here, he has shown previous good character, rather than detract from the saving force of such presumptions. With like reason we may say the same of the court before whom such prisoner is being tried. Such at least has been the writer's experience and observation in similar cases. Our impression in this regard has been deepened after a very careful reading of the learned trial judge's charge in this case, and his review of the testimony. Though the latter is made the subject of the first seven exceptions, it is so intelligent and at the same time so fair and impartial that we feel it would avail nothing to the appellant or advantage him were we to discuss the exceptions seriatim. We overrule these exceptions without further comment.

Our attention is specially directed to the eighth and ninth exceptions overruled by the Superior Court, and which complain not so much of error of law in misdirection by the court as to the legal effect to be given the evidence establishing the good reputation of the defendant, but of its insufficiency and inadequacy in failing to convey to the jury a proper understanding of the importance of this testimony and how it was to be applied. As to the complaint of positive misdirection, it is quite sufficient to reproduce here the answers to the points submitted by defendant's counsel since they cover both propositions. The first point submitted was: "Evidence of good character, produced in behalf of the defendant in a trial upon an indictment, is substantive evidence to be weighed and considered by the jury in connection with all other evidence in the case. If evidence of good character, combined with all the other evidence in the case, creates a reasonable doubt of the defendant's guilt in

the minds of the jury, then the defendant should be acquitted." The second was: "Such evidence of good character, produced in behalf of the defendant in a trial upon an indictment, is offered not simply to raise a reasonable doubt as to defendant's guilt but to establish in the minds of the jury the innocence of the defendant and is to be regarded as a fact like any other fact tending to establish the innocence of the defendant and must be so regarded by the jury. Such evidence does not raise a distinct issue and is not brought in the case as a mere make-weight. It must be taken into account with all the other evidence in the case, and, if the whole of that evidence is sufficient in the judgment of the jury to show that the defendant is not guilty or to create a reasonable doubt on that point, the defendant must be acquitted." The third was: "By the term substantive evidence is meant in law that evidence which is material and essential to the issue of guilt or innocence, and such evidence of good character may have the effect to create a reasonable doubt of defendant's guilt, where without it there might be a conviction." The fourth was: "Good character is of importance in this: that it may, in itself, in spite of all evidence to the contrary, raise a reasonable doubt in the minds of the jury and so produce an acquittal." These points were separately affirmed by the court without qualification, and that they properly express the law governing is beyond question. Their affirmance was followed by these further remarks by the learned trial judge: "Evidence of good reputation prior to the alleged commission of the offense is substantive proof to be considered by the jury on the trial of the charge, and if, considered in connection with all the evidence, a real doubt, a reasonable doubt, as to the defendant's guilt arises, the defendant must be acquitted. This does not mean, I need hardly say to you, that because a man has behaved well in a certain particular theretofore and has there and then thus ceased to behave well and has in fact committed the crime charged, it does not mean that if

he is guilty he shall be acquitted or have any benefit of the fact that he has theretofore behaved well, but it does mean that in determining whether you are satisfied beyond a reasonable doubt that he is guilty, that he did commit the act, you shall give him the benefit of a full and fair consideration of the evidence of good reputation in connection with all the other evidence in the case." Here we find in a single sentence an instruction at variance with the earlier instructions, and quite as much at variance with what immediately followed, so directly contradictory to both that the jury must have understood what followed to be a correction of the error committed. We quite agree with the conclusion expressed in the opinion of the Superior Court with respect to this particular assignment of error. Referring to the error appearing as we have indicated the learned judge there says, adopting the language of this court in Com. v. Cate, 220 Pa. 138: " 'While this instruction might be understood by the legal mind as fairly within the rule above stated, it would be confusing to jurors and might lead them to disregard evidence of good character altogether, if from all the other evidence they reached the conclusion that the defendant was guilty. This would clearly be error.' When, however, the court added, 'but it does mean that in determining whether you are satisfied beyond a reasonable doubt that he is guilty, that he did commit the act, you shall give him the benefit of a full and fair consideration of the evidence of good reputation in connection with all the other evidence in the case,' the jury were no longer likely to be misled. These were the last words of the court to the jury upon the subject and we are of opinion that this instruction could not have led them to disregard the evidence of good character altogether, if from all the other evidence they reached the conclusion that the defendant was guilty. This brought the instruction into complete harmony with the first request for instructions, above quoted, presented by the defendant. Considering all that the court said upon

the subject, the jury must have understood that evidence of good character is substantive evidence material and essential to the guilt or innocence of the defendant; that it could have the effect to create a reasonable doubt where without it there might be a conviction, and it was their duty to give full and fair consideration to such evidence in connection with all the other evidence in the case!" As to the inadequacy of the court's presentation of this branch of the defense, we are of opinion that this complaint has no better support. As preliminary to the formal answer of appellant's point, the learned trial judge used this significant language: "In addition to the matters I have referred to, in addition to the defendant's denial of his guilt, you have the fact that a large number of witnesses have been called who testified that prior to this alleged misconduct, prior to the charge being made against the defendant, his reputation for chastity, for morality, was good, and we have been requested to charge you on a number of points bearing on the effect of good reputation, and I am going to in part, indeed charge, say what I have to say on the legal significance or proof of good reputation by affirming this point presented by the defense." It may be that the facts and circumstances of the case would have warranted a greater emphasis on this branch of the defense, not so far as the law was involved, but in bringing to the minds of the jury the true value of the kind of testimony on which the defendant relied to establish his good character; but certainly we can not say that the defendant was prejudiced by the court's failure to enlarge upon it beyond what he did, or that any such failure constituted error in law.

An earlier indictment against the defendant for the same offense as that for which he was here convicted had been presented, which for some reason had been ignored. The district attorney presented the petition to the court, and, upon rule issued upon it, obtained an order from the court directing that the indictment should be sent before the next grand jury, which was accordingly done and a

true bill found, upon which defendant was tried and convicted. Defendant moved to quash the later bill on the ground that there had been no new information made, and that the later bill was a district attorney's bill. The court overruled the motion, and this action of the court is assigned as error. A sufficient authority for the court's action in this regard is found in Rowand v. Com., 82 Pa. 405, and further comment is unnecessary. The court exercised discretionary power in the matter and its action is not reviewable except for manifest abuse of its discretion.

A motion for a new trial followed upon the verdict, and in support of it evidence was offered to show that in the hearing before the grand jury a letter purporting to have been written by the defendant, unsupported however by any proof, was laid before the jury and considered by it. The court's refusal to grant a new trial is the subject of an additional assignment. In his opinion overruling the motion the learned judge says with respect to this matter: "The evidence before us is conclusive that this same letter was introduced at the trial before the petit jury, when it was duly proved to have been written by the defendant, was so admitted by him. It follows that the grand jury's only error consisted in its considering a genuine, material and entirely proper piece of documentary evidence without it having first been duly authenticated. No material wrong, no prejudice whatever was suffered by defendant, and no ground for objection to the finding of the bill is presented." We concur in the view here taken by the court.

In our discussion of the case we have given such consideration to the assignments of error as each seemed to require. Whether specifically mentioned or not, they have their place in the discussion and have been considered and weighed. All are dismissed, and the judgment of the Superior Court is affirmed.