539 A.2d 1317

**COMMONWEALTH of Pennsylvania**

v.

**James NEELY, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 16, 1987.

Filed March 28, 1988.

---

520

Jeffrey P. Shender, Assistant Public Defender, Philadelphia, for appellant.

Laurie Magid, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CIRILLO, President Judge, and CAVANAUGH, BROSKY, DEL SOLE, MONTEMURO, TAMILIA, KELLY, POPOVICH and JOHNSON, JJ.

JOHNSON, Judge:

Appellant James Neely was convicted by jury of recklessly endangering another person and of possessing an instrument of crime. He appeals from the judgment of sentence. Neely asserts that the trial court erred by failing to include

in its reputation evidence jury charge the words "character testimony in and of itself is such as to create a reasonable doubt." Prior Superior Court panels have found reversible error where the trial court failed to charge that reputation evidence may in itself raise a reasonable doubt about the defendant's guilt. Because these cases appear to misinterpret Pennsylvania Supreme Court decisions, we have granted en banc review to resolve the apparent conflict.

On the night of February 15, 1984 Neely encountered complainant Donald Williams, an off-duty deputy sheriff, who was walking his dog without a leash. Neely pulled out a knife and threatened to use it on the dog. When Williams produced his badge and drew a gun, Neely began to slash at Williams' face with the knife and Williams fired a warning shot. Neighbors summoned the police. Neely attempted to flee over a fence. He fell off the fence towards Williams with his knife still drawn, causing Williams to fire his gun and hit Neely in the leg. Neely continued to run until police told him repeatedly to halt. A knife was recovered in the grass nearby.

Neely was charged by information with recklessly endangering another person, possessing an instrument of crime and aggravated assault. At trial before the Honorable Lynne M. Abraham, Neely produced two character witnesses who testified to his good reputation as a peaceful and law-abiding person. Neely himself also gave lengthy testimony, claiming that he drew the knife to protect himself from a possible attack from the unleashed dog. The trial court's charge to the jury included the following instructions on reputation evidence:

Evidence of good character is very important testimony, because the law says that when a person has a prior good reputation in the community, that person is not likely to commit a crime that's against that person's nature. Evidence of good character is material essential testimony in determining the guilt or innocence of the defendant. This kind of testimony as to the defendant's good character is not to be made light of. It's not a mere make-

weight thrown in to fill out the case or fill in a gap. It's affirmative, substantive testimony to be weighed and considered by the jury in connection with all the other evidence in the case as bearing upon the question of whether or not the Commonwealth has or has not established the guilt of the defendant as he stands charged beyond a reasonable doubt.

N.T., 7/25/85 at 598. This elicited an objection from Neely's counsel who argued that Neely was entitled to an instruction that "character testimony in and of itself is such [as] to create a reasonable doubt." N.T., *supra*, at 606. The trial court declined to alter the instruction.

Following the trial of July 23–25, 1985, Neely was convicted of recklessly endangering another person and of possessing an instrument of crime. His post-verdict motions raising the denial of the proposed jury instruction were denied. On October 8, 1985 Neely was sentenced to three months to twenty-three months and twenty-nine days' incarceration and to a concurrent three-year term of probation. Neely timely appealed to this Court.

We will begin our inquiry with a discussion of the standard for an adequate jury charge. This court must review and consider the jury charge as a whole. Error cannot be predicated on isolated excerpts. It is the general effect of the charge that controls. *Commonwealth v. Alvin*, 357 Pa.Super. 509, 516 A.2d 376 (1986); *Commonwealth v. Grove*, 363 Pa.Super. 328, 526 A.2d 369 (1987): Wording the charge is in the court's discretion:

[T]he trial court is not required to accept the language of the point submitted by counsel but rather is free to select its own form of expression. The only issue is whether the area is adequately, accurately and clearly presented to the jury for their consideration.

*Commonwealth v. McComb*, 462 Pa. 504, 509, 341 A.2d 496, 498 (1975). *See Commonwealth v. Smith*, 511 Pa. 343, 513 A.2d 1371 (1986). The trial court has broad discretion in wording its charge and in considering requested points for charge, "particularly where that form does not reflect a

correct application of the law." *Commonwealth v. Ohle,* 503 Pa. 566, 582, 470 A.2d 61, 70 (1983), *cert. den.* 474 U.S. 1083, 106 S.Ct. 854, 88 L.Ed.2d 894 (1986). These instructions will not be overturned "when the charge meets the standards contained in appellate court opinions." *Commonwealth v. Alvin,* 357 Pa.Super. at 519, 516 A.2d at 381 (1986).

Thus a jury instruction on reputation evidence must accurately state the substantive law on the role of reputation evidence at trial. While evidence of bad character is inadmissible against a defendant in a criminal case:

It has long been the law in Pennsylvania that an individual on trial for an offense against the criminal law is permitted to introduce evidence of his good reputation in any respect which has "proper relation to the subject matter" of the charge at issue. Such evidence has been allowed on a theory that general reputation reflects the character of the individual and a defendant in a criminal case is permitted to prove his good character in order to negate his participation in the offense charged.

*Commonwealth v. Luther,* 317 Pa.Super. 41, 49, 463 A.2d 1073, 1077 (1983) *citing Commonwealth v. Castellana,* 277 Pa. 117, 122, 121 A. 50, 51 (1923). The defense may introduce witnesses whose testimony attempts to prove that the defendant possesses character traits at odds with the criminal behavior alleged. In the case before us, testimony on Neely's reputation for peaceableness was introduced to rebut his alleged reckless endangerment of another person. *See* Henry on Pennsylvania Evidence § 159.

In this way the law allows a criminal defendant the benefit of his good reputation. "Of what avail is a good character, which a man may have been a lifetime in acquiring, if it is to benefit him nothing in his hour of peril?" *Commonwealth v. Cleary,* 135 Pa. 64, 84, 19 A. 1017, 1018 (1890). However, what one individual reports about what others in the community say about the defendant is obviously hearsay. Therefore, the form of the testimony is strictly proscribed to overcome the flaw of hearsay, that it is

unverifiable. The testimony must speak only to the defendant's general reputation; the witness must not refer to any previous specific acts. *Commonwealth v. Boone,* 467 Pa. 168, 354 A.2d 898 (1976). Although the Federal Rules of Evidence now permit it,[1] Pennsylvania does not allow the reputation witness to express his singular, personal opinion on the defendant's character. *Commonwealth v. Gaines,* 167 Pa.Super. 485, 75 A.2d 617 (1950). The witness must be part of the defendant's community. He or she must testify only to the "general, harmonious community opinion," opinion arrived at by consensus. Consensus opinion creates the circumstantial probability of trustworthiness needed to negate hearsay's unverifiability. *See* 5 Wigmore § 1610 (Chadbourne rev. 1979).

Neely argues that he did not recklessly endanger another person because his disposition is peaceable. He is "arguing from his actual moral constitution, which in turn becomes a fact to be proved" by the introduction of reputation evidence. Wigmore, *supra,* § 1608. Character, then, is a *fact* offered by the defendant which he must prove, as any other fact must be proved at trial. He attempts to prove this fact by introducing reputation evidence. This reputation evidence "is to be regarded as evidence of a substantive fact like any other evidence tending to establish innocence." *Commonwealth v. Sampson,* 445 Pa. 558, 565, 285 A.2d 480, 484 (1971) *citing Commonwealth v. Aston,* 227 Pa. 106, 75 A. 1017 (1910). No Pennsylvania case holds that reputation evidence differs from any other evidence or deserves different consideration by the jury.

We must next inquire into the manner in which this substantive law must be incorporated into instructions to a jury. It is easy to understand why a jury is confused about reputation evidence. By requirement it is general. It does not relate to the incident for which the defendant is on trial, nor can it. The jury certainly hears, throughout trial, objections to admission of other evidence on the ground that it is irrelevant. The jury may wonder why reputation

1. See F.R.E. 405(a).

evidence is not also irrelevant. The court's charge must explain this confusing state of affairs. Courts have early seen this source of confusion and, in rulings on propriety of jury charges, have attempted to set reputation evidence in its proper context. This issue was squarely addressed by our Pennsylvania Supreme Court in *Heine v. Commonwealth*, 91 Pa. 145 (1887), where the trial court charged:

> If a man is guilty, his previous good character has nothing to do with the case, but if you have reasonable doubts as to his guilt, then character steps in, and aids in determining that doubt.

*Heine*, 91 Pa. at 148. Finding this charge incorrect and inadequate, the court wrote:

> The effect of this was to give the evidence of good character no weight whatever; for, if the other testimony left in the minds of the jury a reasonable doubt of the defendant's guilt, this of itself, without more, entitled him to an acquittal. Evidence of good character is not a mere make-weight, thrown in to assist in the production of a result that would happen in all events—but it is positive evidence, and may of itself, by the creation of a reasonable doubt, produce an acquittal.

*Id.* This selection of language by the *Heine* court has been employed by subsequent courts as a source for jury instructions on reputation evidence.

Both the Pennsylvania Supreme Court and this Court have held that no exact language is talismanic, as long as the charge states the law correctly and clearly. *Ohle, supra, Alvin, supra.* Thus, a reviewing court's finding that a charge as a whole is satisfactory does not mean that the court is holding that the exact language is required. In fact, the Pennsylvania Supreme court has held that "in itself" language does *not* carry an independent meaning that reputation evidence carrys more weight than other evidence. In approving a jury charge that did not include the "in itself" language, the court wrote that while the law of Pennsylvania is very favorable when considering the weight of the accused's good character, "it has not gone so

far as to give it any special prominence or superiority to the other facts in evidence in the case." *Commonwealth v. Beingo,* 217 Pa. 60, 62, 66 A. 153, 154 (1907).

In *Commonwealth v. Cleary, supra,* the court analyzed this principle, writing that the law:

by no means confined the jury to attaching importance to the evidence only in cases of reasonable doubt. On the contrary, it left them at liberty to make it a basis for the foundation of a doubt.

*Cleary,* 135 Pa. at 84, 19 A. at 1018. (citations omitted). The court derived the following rule:

Evidence of good character is always admissible for the defendant in a criminal case; it is to be weighed and considered in connection with all the other evidence in the cause,—it may of itself, in some instances, create the reasonable doubt which would entitle the accused to an acquittal....

*Id.* The court continued by explaining:

The evidence of good character is to be considered with the other evidence in the case, and if it all combined creates a reasonable doubt, the defendant is entitled to an acquittal.

*Id.* The most recent Supreme Court case holding that a reputation evidence charge is proper is *Commonwealth v. Holland,* 480 Pa. 202, 389 A.2d 1026 (1978). In *Holland* the court found no error in a charge containing the following language:

Evidence of good reputation presented by a defendant does not present a distinct issue in the case, but it must pervade and be considered by you in connection with all the other evidence in the case on the general issue of guilty or not guilty, and is to be regarded as a substantive fact like any other evidence tending to establish innocence.

In some instances it may of itself work an acquital [sic] or create a reasonable doubt, but that is all a question for you under all the evidence in the case. When a defendant has had a good reputation, this fact must be given due

weight. But, if he has been proven guilty beyond a reasonable doubt, he is not to go free simply because he has previously had a good reputation.

In other words, you may not in arriving at a verdict exclude everything but the evidence of good reputation and decide the case solely on such evidence.

*Holland,* 480 Pa. at 219, 389 A.2d at 1034. The court approved the charge without discussion. The one Pennsylvania supreme court case stating that a defendant is entitled to a charge that character evidence alone may be sufficient to raise a reasonable doubt, *Commonwealth v. Scott,* 496 Pa. 188, 436 A.2d 607 (1981) does so in a footnote that is dictum.[2]

■■■ We conclude that Pennsylvania Supreme Court cases do not require an "in itself" charge to be given to the jury; the cases require only that the instructions make clear that reputation evidence is on a par with any other genre of evidence. The *Holland* charge illustrates how this concept is to be put in perspective. Three crucial points emerge. First, reputation evidence is a substantive fact just like any other evidence and should be considered along with other evidence in the same manner that other evidence is considered. Second, in some instances it may itself create a reasonable doubt, but, third, if all other facts in the Commonwealth's case prove the defendant guilty beyond a reasonable doubt, "he is not to go free simply because he has previously had a good reputation." This makes eminent sense when we consider it in tandem with the well-settled principle that it is entirely within the province of the trier of fact in a criminal case, in this case, the jury, to decide what weight to accord the evidence produced. *Commonwealth v. Favinger,* 358 Pa.Super. 245, 516 A.2d 1386 (1986), *appeal denied* 516 Pa. 612, 531 A.2d 779 (1987). This principle will not permit the judge to tell a jury to give

**2.** *Scott* held that the prosecution may not cross-examine a defendant's character witnesses about the defendant's prior arrests. The footnote relied upon *Commonwealth v. Cleary, supra,* which does not stand for that proposition, and *Commonwealth v. Shapiro,* 223 Pa.Super. 15, 297 A.2d 161 (1972), where jury instructions were not even at issue.

any type of evidence more weight than other evidence. In all the above-quoted approved jury instructions, the "reputation evidence may, in itself create a reasonable doubt" language simply serves to clarify the principle that reputation evidence should be weighed just like any other evidence.

■ Superior Court panels have recently held that the jury charge *must* contain "in itself" language in *Commonwealth v. Belmonte*, 349 Pa.Super. 1, 502 A.2d 1241 (1985), alloc. granted 511 Pa. 368, 514 A.2d 1369 (1986) (Plea in abatement granted, case remanded to the Court of Common Pleas, 10/31/87 because appellant died); *Commonwealth v. Vander Weele*, 356 Pa.Super. 152, 514 A.2d 189 (1986); *Commonwealth v. Schultz*, 335 Pa.Super. 306, 484 A.2d 146 (1984) and *Commonwealth v. Arenella*, 306 Pa.Super. 119, 452 A.2d 243 (1982). These cases merely cite to the Pennsylvania Supreme Court cases of *Cleary, Holland* and *Scott* without analysis. Because none of these Supreme Court decisions hold that "in itself" language in a reputation evidence charge is required, the Superior Court holdings are ungrounded in Supreme Court law. Therefore, to the extent that *Belmonte, Schultz, Vander Weele* and *Arenella* hold that "in itself" language is required, they are now overruled. In doing this we do not change the law in Pennsylvania, but rather we reaffirm the law as set forth by our Supreme Court.

In *Commonwealth v. Vander Weele, supra,* the Court invalidated a jury instruction that not only omits "in itself" language but also fails to convey the crucial point about reputation evidence, that it could, like any other evidence, carry enough weight to create a reasonable doubt. Nevertheless, the Court invalidated the charge wholly on the grounds that it lacked "character evidence alone" language and in fact cited no authority for this specific proposition. In *Commonwealth v. Belmonte, supra,* the statement that the defendant is entitled to an "in itself" charge is dictum. The actual holding of the case was that the particular evidence in question was not reputation evidence and thus

the defendant was not entitled to any reputation evidence charge. Adding dictum, the Court wrote that if reputation evidence were in the case, then the defendant would be entitled to an "in itself" charge. *Belmonte*, 349 Pa.Super. at 20, 502 A.2d at 1251. The *Belmonte* Court cited *Scott* and *Schultz*.

In *Arenella* the court relied on the *Scott* footnote and on the acceptance of the instructions at issue in *Holland, supra.* The Court cited the *Holland* instruction passage "in some instances [evidence of good reputation] may of itself work an acquital [sic] or create a reasonable doubt." *Arenella*, 306 Pa.Super. at 128, 452 A.2d at 248. However, it is error to invalidate a jury charge on an isolated excerpt taken out of context. *Commonwealth v. Ohle, supra; Commonwealth v. Grove, supra.* The *Holland* court itself approved the entire jury instruction, not merely the isolated excerpt. Significant is what follows this cited passage in the *Holland* instructions: "... but that is all a question for you under all the evidence in the case ... if he has been proven guilty beyond a reasonable doubt, he is not to go free simply because he has previously had a good reputation." *Holland*, 480 Pa. at 219, 389 A.2d at 1034. In citing the isolated passage, the *Arenella* Court misrepresented and in effect misinterpreted the plain meaning of the *Holland* charge. This is not to say that the instructions at issue in *Arenella* contained no error, but only that the error does not lie in the omission of the "in itself" language.

■ *Commonwealth v. Schultz, supra,* in an ineffectiveness of counsel context, held that failure to request an instruction that evidence of good character may itself be sufficient to raise a reasonable doubt constituted ineffectiveness of counsel. The court relied on the following language from an earlier Superior Court case, *Commonwealth v. Padden,* 160 Pa.Super. 269, 50 A.2d 722 (1947):

Evidence of good character is substantive and positive evidence, not a mere make-weight to be considered in a doubtful case, and ... is an independent factor which may of itself engender a reasonable doubt or produce a conclusion of innocence. To be sure, it is to be *con-*

*sidered* with all the other evidence in the case. But it is not to be *measured* with all the other evidence. Its probative value, its power of persuasion, does not depend upon, and is not to be measured by, or appraised according to, the might or the infirmity in the Commonwealth's case. Even though, under all the other evidence a jury could reach a conclusion of guilt, still if the character evidence creates a reasonable doubt or establishes innocence a verdict of acquittal must be rendered.

*Commonwealth v. Padden*, 160 Pa.Super. at 275, 50 A.2d at 725 (emphasis in original; citations omitted). *quoted in Schultz*, 335 Pa.Super. at 309, 484 A.2d at 147–148. *Padden* held that for the court to instruct the jury that reputation evidence, when "measured" with all other evidence may raise a doubt is error—it must be "considered" with, not measured against other evidence. Explained by the above passage, this holding comports with previously-discussed Pennsylvania Supreme Court law. This language is another way to make the point that reputation evidence is not to be used merely to tip the balance when the Commonwealth's case is weak but may raise a doubt even when the case against the defendant is strong. *Padden* did not hold that "in itself" language is required. *Schultz* further cites *Scott, Arenella* and *Cleary*.

Both the Commonwealth in its brief and the trial court in the thorough opinion by the Honorable Lynne Abraham discuss federal case law on reputation evidence instructions. We will summarize the federal cases because there, as in the Pennsylvania courts, some of the Courts of Appeals had misinterpreted the two United States Supreme Court cases that consider reputation evidence instructions and have recently recognized the discrepancy by reversing themselves. In *Edgington v. United States*, 164 U.S. 361, 17 S.Ct. 72, 41 L.Ed. 467 (1896), the Supreme Court held substantially what our *Heine* court held. It invalidated a jury instruction stating that if the jury "hesitates on any point as to the guilt of the defendant, then you have the right and should consider the testimony given as to his good character." *Edgington*, 164 U.S. at 366, 17 S.Ct. at 73, 41

L.Ed. at 471. The Court held that while earlier cases may have supported the instruction:

> "the decided weight of authority now is that good character, when considered in connection with the other evidence in the case, may generate a reasonable doubt. The circumstances may be such that an established reputation for good character, if it is relevant to the issue, would alone create a reasonable doubt, although, without it, the other evidence would be convincing."

*Edgington, Id.* The court cited *Heine* among cases in which a similar conclusion was reached. As in *Heine:*

> this passage does not support an instruction that singles out character evidence. The Court was trying to put an end to instructions that had disfavored character evidence by telling the jury not to consider the evidence unless it first found the case close. The point of the passage— that character evidence when taken with other evidence may create a reasonable doubt—assimilates character evidence to other kinds of evidence. It is a mistake to lift language out of a passage such as this and insert it in a jury instruction.

*United States v. Burke,* 781 F.2d 1234, 1240 (7th Cir.1985). *Edgington* told the federal courts to eliminate differences in the treatment of character and other evidence, not to create new differences. *Id.*

*Burke* overruled the Seventh Circuit's previous position that a "standing alone" instruction is required on the grounds that it had misinterpreted *Edgington* and *Michelson v. United States,* 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948). In *Michelson* the Supreme Court wrote that "[character] testimony alone, in some circumstances, may be enough to raise a reasonable doubt of guilt and that ... a jury in a proper case should be so instructed." *Michelson,* 335 U.S. at 476, 69 S.Ct. at 219, 93 L.Ed. at 174. First, this passage was dictum. The issue addressed by the court was whether the prosecution could introduce bad conduct evidence when the defendant introduced good character evidence. More important, the passage could mean that at most, "certain circumstances," presumably those in which

nothing besides character evidence has been offered, *may* require that the trial judge take cognizance of this.

This is not the same as requiring an "in itself" instruction in all cases. As the *Burke* court said, "it does not imply any particular instruction." *Burke,* 781 F.2d at 1241. The *Burke* court went so far as to discuss how a "standing alone/in itself" instruction may even mislead the jury; several circuits have forbidden the instruction for this reason. *See Burke,* 781 F.2d at 1241, n. 3.[3]

■ We reserve for future determination the issue of whether an "in itself" instruction would be required where reputation evidence constitutes the entire defense. This was not so in the case before us. A peaceable reputation was not Neely's only defense. He based his defense primarily on a self-defense theory. Neely testified at length that he was defending himself from the potentially vicious dog. Hence the jury had ample opportunity to weigh Neely's credibility on this point. We hold that the trial court was not required by Pennsylvania law to charge the jury that "character testimony in and of itself is such as to create a reasonable doubt." We do not determine whether "in itself" language should be prohibited, leaving it for a future case in which the issue is specifically raised.

■ As we noted in beginning our review, a trial court has broad discretion in phrasing its points for charge, and is not bound to give instructions in the form requested, particularly where that form does not reflect a correct interpretation of the law. A trial court may choose its own wording for jury instruction so long as the area is adequately, accurately and clearly presented to the jury for their consideration. This court's evaluation of the charge must be based on an examination of it as a whole to determine whether it was fair or prejudicial. *Commonwealth v. Ohle,*

3. Most recently, the Court of Appeals for the Third Circuit has held that, so long as the court's charge to the jury on the role of reputation evidence is otherwise proper, the trial court does not abuse its discretionary power to choose the wording if it omits expressly requested "standing alone" language. *United States v. Spangler,* 838 F.2d 85 (3d Cir.1988).

534

*supra.* Where the given charge properly covers the requested point, it is not error for the trial court to refuse to give additional instructions. *Commonwealth v. Grove, supra.*

Here, our task is made easier in that Appellant limits his challenge on appeal to the trial court's charge on evidence of good character. Appellant does not contest the accuracy of the charge as given, but contends that, in addition to the charge set forth above, he was entitled to have the jury instructed that character testimony in and of itself is such as to create a reasonable doubt of guilt and justify a verdict of not guilty.

We remain mindful that reputation evidence is on a par with any other genre of evidence. It is a substantive fact and should be considered by the jury along with other evidence in the same manner that other evidence is considered. It remains entirely within the province of the trier of fact, in this case the jury, to decide what weight to accord the evidence produced. With these principles in mind and after a careful review of the entire jury charge on this appeal, we find no abuse of discretion in Judge Abraham's refusal to supplement her clearly presented and adequate charge with Appellant's request for additional instructions.

Accordingly, we affirm the judgment of sentence.