602 A.2d 823

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Michael PIZZO, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 14, 1991.

Decided Jan. 13, 1992.

Norris E. Gelman, Philadelphia, for appellant Michael Pizzo.

Helen Kane, Asst. Dist. Atty., for appellee Com.

## OPINION OF THE COURT

FLAHERTY, Justice.

Appellant challenges the alibi instruction given to the jury at his aggravated assault trial, alleging that trial counsel was ineffective for failing to object to the charge. Superior Court affirmed his judgment of sentence. 400 Pa.Super. 622, 576 A.2d 1137. We too affirm.

Appellant, Michael Pizzo, was convicted by a jury of simple assault, aggravated assault, and possession of an instrument of crime. Following the conviction, counsel filed post-trial motions. The motions were denied, and appellant received an aggregate sentence of eleven to twenty-two years' imprisonment. Trial counsel then filed a motion to modify sentence, which prompted the trial court to vacate appellant's original sentence pending reconsideration. During the period the sentence was under reconsideration and awaiting hearing on the motion, present counsel replaced trial counsel and then represented appellant at the hearing on the motion to modify sentence. The trial court denied the motion and reimposed the same sentence as that given originally—eleven to twenty-two years.

Present counsel appealed to the Superior Court, claiming error in two elements of the jury charge given with respect to appellant's alibi defense, alleging trial counsel's ineffec-

tiveness in failing to object to the charge. He also claimed that counsel was ineffective for failing to object to an allegedly erroneous instruction on the effect of character evidence. The Superior Court held that appellant had waived his claims predicated on ineffectiveness of counsel due to his failure to raise them at the first opportunity, namely, at the hearing on the motion to modify sentence when present counsel first replaced trial counsel. Superior Court alternatively held that the underlying claims were meritless. Following affirmance by the Superior Court, we allowed this appeal primarily to consider the jury instructions pertaining to alibi.

We consider first the Superior Court's holding that appellant's attack on trial counsel's effectiveness was waived because it was not raised at the hearing on his motion to modify sentence, when present counsel first replaced trial counsel. We regard this as an unprecedented and unwarranted extension of waiver doctrine. It has become axiomatic that claims of ineffective counsel must be raised "at the earliest stage in the proceedings at which the counsel whose effectiveness is being challenged no longer represents the defendant." *Commonwealth v. Hubbard,* 472 Pa. 259, 276 n. 6, 372 A.2d 687, 695 n. 6 (1977). It should not be necessary to qualify "earliest stage" by stating that it means "earliest *appropriate* stage." The requirement that the issue be raised at the earliest opportunity is meant to subserve the orderly administration of justice, not to undermine the rules of criminal procedure which govern the orderly progression of a prosecution. When a hearing has been scheduled to address specific, limited issues, it is proper to limit the scope of the hearing to the issues raised in the motion which engendered the hearing. It is not incumbent upon new counsel, in order to avoid waiver, to attack his predecessor's effectiveness at such a hearing in contravention of standard criminal procedure. An attorney need not perform meaningless acts to avoid charges of ineffectiveness, *see Commonwealth v. Johnson,* 516 Pa. 407, 417–18, 532 A.2d 796, 801–02 (1987),

nor is it necessary for new counsel to undertake extraordinary measures to *create* an opportunity to raise the issue of ineffective assistance of prior counsel. Consequently, we hold that appellant's direct appeal to the Superior Court was the first appropriate stage of the proceedings for present counsel to challenge the effectiveness of prior counsel. Therefore the issues allegedly mishandled by prior counsel were properly presented to the Superior Court and are properly before this court.

Appellant was tried before the same judge of the Court of Common Pleas of Philadelphia County who tried Rodney F. Jones, the defendant in the companion case, No. 77 E.D.Appeal Docket 1990. Both cases involved alibi defenses, and the trial judge gave virtually identical instructions to the juries, closely patterned after the Pennsylvania Suggested Standard Jury Instructions, Criminal, § 3.11. Appellant's challenges to the propriety of the jury instructions on alibi are identical to those presented by Rodney F. Jones. We reject appellant's attack on his alibi charge on the basis of *Commonwealth v. Jones*, 529 Pa. 149, 602 A.2d 820 (1991), and *Commonwealth v. Saunders*, 529 Pa. 140, 602 A.2d 816 (1991), both decided today, which discuss alibi instructions at length.

■ The remaining issue is whether appellant's trial counsel was ineffective for failing to challenge allegedly improper jury instructions pertaining to character evidence. The court instructed appellant's jury as follows:

So evidence of good reputation is to be considered by you along with other evidence in the case. And it in combination with other evidence may create a reasonable doubt in your mind that a person enjoying such a reputation would commit such a crime. Now, a reasonable doubt, of course, operates as an acquittal.

In summary then, in viewing this evidence how to treat this evidence, reputation evidence is substantive evidence which like other evidence in the case must be weighed and tested for credibility, and it must be considered with all the other evidence in the case and you must decide for

yourself whether or not to accept that testimony and whether it raises a reasonable doubt in your mind that a man enjoying that reputation would commit such a crime.

Appellant claims that an indistinguishable charge was invalidated in *Commonwealth v. Neely*, 522 Pa. 236, 561 A.2d 1 (1989), by this court, and that *Neely* followed a long line of cases requiring a charge that character testimony, in and of itself, may create a reasonable doubt of guilt, citing *Commonwealth v. Scott*, 496 Pa. 188, 436 A.2d 607 (1981); *Commonwealth v. Stoner*, 265 Pa. 139, 143, 108 A. 624, 625 (1919); and *Commonwealth v. Cleary*, 135 Pa. 64, 82–83, 19 A. 1017, 1018 (1890). Because allocatur in *Neely* was granted on August 23, 1988, over a month before appellant's trial, he claims that trial counsel should have been on notice of a "probable reversal" of the Superior Court's approval of the *Neely* jury charge. He argues that appellant's trial counsel was ineffective when he failed to object to the instruction quoted above which was later condemned by this court in *Neely*.

Nevertheless, it is well settled that the adequacy of counsel's representation will be assessed in light of the standards in effect at the time of the representation. *Commonwealth v. Johnson*, 516 Pa. 407, 532 A.2d 796 (1987); *Commonwealth v. Brewer*, 479 Pa. 558, 388 A.2d 1071 (1978). When appellant was tried, the language of the character charge given in his case was virtually identical to that approved by the en banc Superior Court in *Commonwealth v. Neely*, 372 Pa.Super. 519, 539 A.2d 1317 (1988). Counsel need not predict changes in the law, and the granting of allocatur cannot be interpreted as an invalidation of the holding of the lower court.

Moreover, this court's reversal in *Neely, supra*, did not denote that the Superior Court ignored "settled" authority of this court. The Superior Court in *Neely* attempted to construe our few decisions on the subject and to determine exactly what was necessary under those decisions. *See Commonwealth v. Neely*, 372 Pa.Super. at 526–28, 539 A.2d at 1321–22. Although this court subsequently overruled

the Superior Court, counsel will not be deemed ineffective for failing to anticipate our decision. *Commonwealth v. Johnson, supra.* We therefore reject appellant's attack on counsel's effectiveness for failing to object to the charge on character evidence.

For the foregoing reasons, the judgment of the Superior Court must be affirmed.

Judgment affirmed.

ZAPPALA J., files a dissenting opinion.

ZAPPALA, Justice, dissenting.

I dissent for the reasons set forth in my dissenting opinion in *Commonwealth v. Saunders*, 529 Pa. 140, 602 A.2d 816 (1992) which is decided today. Accordingly, I would reverse the judgment of the Superior Court and remand for a new trial.