# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bobbi Jo Maffeo,                    :
                    Appellant      :
                                   :
        v.                         :    No. 1600 C.D. 2018
                                   :    Submitted: October 3, 2019
Windber Borough Zoning             :
Hearing Board                      :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE ROBERT SIMPSON, Senior Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                **FILED: November 8, 2019**


Bobbi Jo Maffeo (Appellant) appeals from an order of the Court of Common Pleas of Somerset County (common pleas), dated October 31, 2018. Common pleas affirmed the decision of the Windber Borough Zoning Hearing Board (Board), which required Appellant to remove livestock from her property located in a residential zoning district. For the reasons that follow, we affirm.

Appellant owns the two-acre property located at 769 Railroad Street (property) in the Borough of Windber (Borough), Somerset County, Pennsylvania. On January 25, 2018, Appellant received a letter from the Borough's solicitor (cease and desist letter), which provided, in relevant part:

> The Borough Manager's office has received numerous complaints . . . regarding various farm animals being housed at your residence.

Please be advised that the keeping of farm animals such as, but not limited to, goats, donkeys, pigs, chickens or ducks is in direct violation of the Borough of Windber Zoning Ordinance, 079-4[,] as amended [(Ordinance)]. Specifically, your residence is located in a Section 903 General Residential District (R-2 [district]). The keeping of these types of animals, whether they be full[-]sized or miniature[,] is a [nonpermitted] use in a[n] R-2 district. The type of animals that you are keeping . . . are [sic] only permitted to be kept in a Section 910 Conservation District [(conservation district)].

. . . You must remove all [nonpermitted] animals on [the] property within 20 days of receipt of this notice.

(Original Record (O.R.), Item No. 7, Ex. 1.) The record reveals and Appellant conceded before the Board that the majority of the property is located within the R-2 district, with a small corner of the property located in the conservation district. Section 903 of the Ordinance, governing the R-2 district, allows typical residential-area uses such as homes, schools, open space, and limited commercial services. It does not expressly permit the keeping of livestock, either by right or as a conditional use. Section 910 of the Ordinance, governing the conservation district, allows "agriculture," which, pursuant to the definition in Section 202 of the Ordinance, "shall not include the feeding or sheltering of animals or poultry in penned enclosures within two hundred (200) feet of any residential lot."

Appellant appealed the cease and desist letter to the Board, which held a hearing on April 12, 2018. Appellant testified on her own behalf at the hearing, admitting that she keeps approximately 50 animals—including goats, donkeys, and chickens—on the property. She described her attempts to prevent nuisances, including by installing fences and gates and soliciting hired help to clean up after the animals on the property. She also stated that she has promptly paid all fines in connection with citations she has received for nuisances. In support of her

2

contention that she adequately cares for the animals, Appellant introduced a letter, dated February 2, 2018, from Leann Stewart, an officer of the Somerset County Humane Society (Stewart letter). The Chair of the Board gave an oral summary of the letter's findings—that "basically the animals are well kept"—for the benefit of those in attendance at the hearing. (Supplemental Reproduced Record (Suppl. R.R.) at 67a.)

Several Borough residents also testified at the hearing. Some described previous visits to the property and their observations that the animals and property were well cared for. Mark Horner, who lives on the same street as Appellant within the Borough, testified that he keeps several chickens, ducks, and a rooster in a residential area of the Borough and that Borough officers specifically confirmed that the Borough has no ordinance against such animals. Other residents testified in opposition to Appellant, describing noxious odors and insect pests emanating from the property and manure flowing from the property onto their properties during heavy rainfall. They also described many instances of escape and trespass by the animals onto their properties, with one witness—Appellant's neighbor—expressing fear for her child's safety because of the increasing animal escapes. Borough Manager Jim Furmanchik also testified that the property has produced more complaints than any other in the Borough over the last two years. He added that he has personally visited the property to resolve a complaint, finding overwhelming offensive odors and insect problems, and has issued Appellant several citations for nuisances after giving warnings.

On May 21, 2018, the Board denied Appellant's appeal. The Board concluded that, regardless of the location of the animals within the property's boundaries, "[i]t was undisputed that . . . Appellant's animals are, in fact,

within 200 feet of a residential lot" in violation of the Ordinance. (*Id*. at 5a.) The Board also concluded that the animals pose a continuing threat to the health, safety, and welfare of Borough residents and ordered Appellant to comply with the cease and desist letter. Appellant appealed the Board's decision to common pleas and filed with common pleas a Motion to Take Additional Evidence (Motion). After imposing a stay of enforcement and holding a hearing, common pleas denied the Motion. By order dated October 31, 2018, common pleas affirmed the Board's decision and vacated the stay. Appellant then appealed to this Court.

On appeal,[1] Appellant first argues that common pleas erred in denying the Motion and identifies three matters which, she believes, common pleas should have considered before reaching its conclusion—(1) the Stewart letter, (2) Appellant's claim that the property had not been surveyed, and (3) Appellant's claim that the Borough's enforcement of the Ordinance against Appellant was arbitrary and motivated by animus. Appellant also argues that the Board abused its discretion in denying Appellant's appeal because its findings lacked substantial evidence. Specifically, Appellant claims that the Board (1) improperly excluded the Stewart letter from the evidentiary record and (2) lacked sufficient survey evidence of the property's zoning to conclude that Appellant is violating the Ordinance.

Section 1005-A of the Pennsylvania Municipalities Planning Code (MPC)[2] authorizes a court to accept, upon motion, additional evidence in a land use

---

[1] "Where a trial court takes no additional evidence in an appeal from a decision of [a zoning b]oard, this Court is limited to considering whether the [b]oard erred as a matter of law or abused its discretion." *German v. Zoning Bd. of Adjustment*, 41 A.3d 947, 949 n.1 (Pa. Cmwlth. 2012). "A zoning board abuses its discretion if its findings are not supported by substantial evidence." *Arter v. Phila. Zoning Bd. of Adjustment*, 916 A.2d 1222, 1226 n.9 (Pa. Cmwlth.) (en banc), *appeal denied*, 934 A.2d 75 (Pa. 2007).

[2] Act of July 31, 1968, P.L. No. 247, *as amended*, added by Act of December 21, 1988, P.L. 1329, 53 P.S. § 11005-A.

appeal. A court is required to hear additional evidence pursuant to Section 1005-A only if "the party seeking the hearing demonstrates that the record is incomplete because the party was denied the opportunity to be heard fully, or because relevant testimony was offered and excluded." *Danwell Corp. v. Zoning Hearing Bd. of Plymouth Twp.*, 540 A.2d 588, 590 (Pa. Cmwlth.), *appeal denied*, 554 A.2d 511 (Pa. 1988). Accordingly, "[t]he question of whether the presentation of additional evidence is to be permitted under [Section 1005-A] is a matter within the discretion of the trial court." *E. Consol. & Distrib. Servs., Inc. v. Bd. of Comm'rs of Hampden Twp.*, 701 A.2d 621, 624 (Pa. Cmwlth. 1997).

Here, Appellant asked common pleas to "[t]ake [a]dditional [e]vidence to include relevant evidence and testimony that was excluded *from the denial* of Appellant's appeal." (O.R., Item No. 4, at 4 (emphasis added).) In so phrasing the Motion, Appellant appears to confuse the Board's *weighing* of evidence—*i.e.*, the Board's failure to include certain evidence in its *rationale*—with the inclusion of evidence in the *record*. Consideration of additional evidence under Section 1005-A may add new evidence to the record, but it cannot be used to force the Board or common pleas to reconsider the weight of evidence that was already before the Board. *See Danwell Corp.*, 540 A.2d at 590. Nevertheless, we will treat the Motion as a request by Appellant to present new evidence on each of the three matters raised in the Motion, and we will determine whether common pleas abused its discretion in denying the Motion.

First, with respect to the Stewart Letter, we note that Appellant presented the letter and had it marked as an exhibit at the hearing before the Board:

> [COUNSEL FOR BOARD]: I'm going to mark . . . the
> letter from [Leann] Stewart [as exhibit] 4?

5

(Whereupon, Applicant Exhibit 4, Letter Dated [February 2, 2018,] was marked for identification.)

[COUNSEL FOR APPELLANT]: This is a letter dated February 2nd, 2018, addressed to you from [Leann] Stewart . . . .

(Suppl. R.R. at 65a-66a.) In its findings of fact, the Board noted the presentation of the letter at the hearing. When the Board's counsel certified the record in this matter to common pleas, however, he noted that the marked copy of the letter "[could not] be found" at the time of certification and that, therefore, no copy of the letter was included in the certified record. (*See* O.R., Item No. 7 at 1.)

Given the Board's acknowledged absence of the Stewart letter from the certified record and the attachment of the Stewart letter to the Motion, common pleas could have remitted the record to the Board with direction that the Board obtain a copy of the letter from the parties, supplement the record, and transmit it to common pleas. Common pleas might also have granted the Motion for the purpose of admitting the letter as evidence, although that course of action would have required common pleas to "make its own findings of fact based on the record below as supplemented by the additional evidence."[3] 53 P.S. § 11005-A. Even if, however, common pleas abused its discretion in denying the Motion with respect to the letter, that error was harmless. Common pleas understood the substance of the Stewart

---

[3] Whether the Stewart letter constitutes *relevant* evidence is not clear to this Court. The instant case and the enforcement action underlying it are fundamentally about whether the animals' presence on the property violates the zoning restrictions of the Ordinance as they apply to the property. We fail to see how the animals' care and effects on neighboring properties, upon which Appellant and the Board have focused, fit into that analysis. We note, however, that Appellant has focused her argument in this Court entirely on common pleas' denial of the Motion and on whether the Board's determination was supported by substantial evidence. Appellant has not raised—and we do not reach—the issue of whether the Board gave proper legal effect to the provisions of the Ordinance.

6

letter based on the summary of the letter in the hearing transcript. Moreover, common pleas discussed the letter in its Pa. R.A.P. 1925(a) opinion and treated it as part of the record, comparing it against other evidence before the Board before concluding that the Board did not abuse its discretion. (*See* Reproduced Record (R.R.) at 50a.). Accordingly, we will not reverse common pleas' order on the basis of its denial of the Motion with respect to the Stewart letter. *See Campbell v. Dep't of Envtl. Res.*, 396 A.2d 870, 870 (Pa. Cmwlth. 1979) ("It is axiomatic that we will not disturb a[n] . . . order . . . on appeal for harmless error.")

Second, concerning Appellant's request to present new survey evidence, we note that the Borough introduced at the hearing a zoning survey of the property prepared in October 2017. (*See* O.R., Item No. 7, Ex. 7.) Appellant did not submit any survey evidence of her own or challenge the accuracy of the 2017 survey. Instead, counsel for Appellant explained that he intended to have the property independently surveyed but was unable to do so before the hearing. Most significantly, he conceded before the Board that (1) the 2017 survey is accurate, (2) the property is "for the most part" within the R-2 district, and (3) only "a small portion of the property [is] zoned at [sic] conservation." (Suppl. R.R. at 41a-43a.) In the Motion, Appellant essentially ignored the existence of the 2017 survey while alleging that "[the property] has not been surveyed" and that the Board "[had] no way of knowing" the property's zoning. (O.R., Item No. 4, at 2.) Appellant did not explain in the Motion why she did not present her own survey evidence at the hearing, and she did not suggest that a second survey would differ from the first. Thus, Appellant failed to demonstrate that she had no opportunity to submit her own survey, that a survey she did offer was excluded, or any compelling reason why common pleas should now allow her to submit a survey into evidence. Accordingly,

7

we discern no abuse of discretion in common pleas' denial of the Motion with respect to survey evidence.

Third, concerning evidence of uneven enforcement of the Ordinance, we note that Borough resident Mark Horner testified at the hearing, stating that Borough officers assured him that no ordinance prohibits the chickens, ducks, and rooster he keeps on his property. Appellant did not suggest in the Motion that she was prevented at the hearing from eliciting other testimony about uneven enforcement. Nor did she provide any detail regarding the evidence she sought to submit or describe why additional evidence on this issue would assist common pleas in its decision. Thus, with respect to each of the three matters raised in the Motion, we conclude that common pleas did not abuse its discretion in denying the Motion.

Appellant restricts her second argument on appeal to two evidentiary matters, alleging that the Board abused its discretion when it (1) "did not accept the finding of the [Stewart letter]" and (2) "failed to survey [the property]." (Appellant's Br. at 9.[4]) Appellant contends that, on those two evidentiary points, the Board's decision is not supported by substantial evidence. "Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support the conclusion reached." *Borough of Fleetwood v. Zoning Hearing Bd. of Borough of Fleetwood*, 649 A.2d 651, 653 (Pa. 1994). Contrary to Appellant's first assertion, the Board did not disregard the Stewart letter. Notwithstanding its failure to include the letter in the certified record, the Board expressly considered the letter in making findings of fact and legal conclusions. As common pleas noted, it appears that the Board may have given greater weight to testimony at the hearing than to the letter's

---

[4] Appellant did not include in her brief the page numbers required by Pa. R.A.P. 2173. The material quoted above appears in the brief on the ninth page following the table of authorities.

claims—a determination that rests entirely within the Board's discretion and which does not rob its decision of evidentiary support. *See Taliaferro v. Darby Twp. Zoning Hearing Bd.*, 873 A.2d 807, 811 (Pa. Cmwlth.) ("The [zoning] board is the sole judge of the credibility of witnesses and the weight afforded their testimony."), *appeal denied*, 887 A.2d 1243 (Pa. 2005).

Similarly, Appellant's assertion that the Board lacked substantial evidence of the property's zoning is simply incorrect. As we have discussed, the Board considered the 2017 survey together with Appellant's admission of the survey's accuracy. The survey evidence before the Board sufficiently supports its determinations that "Appellant is operating for the most part in a . . . residential district" and that, even if the animals were restricted to the portion of the property zoned for conservation, they are necessarily kept "within 200 feet of a residential lot." (R.R. at 4a-5a.) Both the Stewart letter and the survey of the property, which the Board credited, were sufficient to support the Board's determinations. We cannot, therefore, accept Appellant's contention that the Board's decision lacks substantial evidence.

Accordingly, we affirm the order of common pleas.

_____
P. KEVIN BROBSON, Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bobbi Jo Maffeo,                          :
                    Appellant    :
                             :
      v.                              :   No. 1600 C.D. 2018
                             :
Windber Borough Zoning          :
Hearing Board                          :

# **O R D E R**

AND NOW, this 8th day of November, 2019, the order of the Court of Common Pleas of Somerset County, dated October 31, 2018, is AFFIRMED.

_____

P. KEVIN BROBSON, Judge
